STATE OF INDIANA EX REL. CHRONOWSKI v. LAKE CIRCUIT COURT, ETC. KAUL, JUDGE.

[No. 29,688. Filed September 16, 1958.]

*Martin A. Karr,* of East Chicago, for relator.

*John F. Haller,* of Gary, for respondents.

ARTERBURN, J.—This is an action for a writ of prohibition to keep the trial court from entertaining a petition for a recount and contest of nominations for justice of peace at the Democratic Primary last May.

A temporary writ was issued. The relator filed a petition with the trial court asking that the contest and recount action be dismissed on the ground that although the petition was filed within the statutory 15-day period following the election, the notice was not issued by the clerk until some time after the expiration of the 15-day period.

Burns' §29-5403 provides in part:

> " . . . such petition for the recount of votes cast at an election shall be filed within fifteen [15] days after the day on which such election was held : . . ."

The relator relies upon the rule in civil cases that an acton is not commenced until the summons is issued and therefore this action was not commenced

until after the expiration of the 15-day period. The trial court overruled the motion to dismiss.

It is true that a civil action can be commenced only by the filing of a complaint and "causing a summons to issue thereon." (Burns' §2-802.) However, this case turns purely upon the wording of another statute. It should be noted that the statute pertaining to recounts and contest actions does not state that the action shall be commenced within a 15-day period; nor does it say a notice shall be issued within such period. (Burns' §29-5401—5508.)

The applicable section on notice in contests and recount actions reads as follows: (Burns' §29-5407.)

"Notice of filing and pendency of petition—Duty of clerk to issue notice—Duty of sheriff.—Upon the filing of such petition, the clerk shall issue a notice of such filing and pendency of such petition to the opposing candidate or candidates and deliver the same to the sheriff or sheriffs of the county or counties in which such opposing candidate or candidates reside; and said sheriff or sheriffs shall immediately serve the same upon such opposing candidate or candidates in person or by leaving a copy at his or their last and usual place of residence and shall make immediate return of such service."

Throughout the sections of the statutes on recounts and contests of elections the wording is "the clerk shall issue a notice . . ." while in the cases applicable to ordinary civil actions the plaintiff has the duty of filing his complant "and causing a summons to issue thereon."

If a petition for contest or recount were filed just prior to midnight of the 15th day (within the statutory limitation) the clerk, if we should interpret this statute as the relator contends, would not have time to issue any notice within the fifteen-day period. The clerk is

given a reasonable time to issue notice and the parties should not be penalized by a clerk's failure.

. The trial court has jurisdiction of this matter. The temporary writ is dissolved and the permanent writ of prohibition denied.

The clerk of this court is directed to certify this opinion and judgment to the court below immediately.

ᐟ Bobbitt, C. J., and Landis, Achor and Emmert, JJ., concur.

NOTE.—Reported in 152 N. E. 2d 676.