STATE EX REL. GENERAL GRAIN, INC. *v.* SUPERIOR COURT OF MARION COUNTY ETC. ET AL.

[No. 29,770. Filed June 25, 1959.]

*Buschmann, Krieg, DeVault & Alexander,* of Indianapolis, for relator.

*Ross, McCord, Ice & Miller, Merle H. Miller* and *Donald F. Elliott,* all of Indianapolis, for respondents.

LANDIS, J.—Relator has brought original action in this Court for writ of prohibition to prohibit respondent court from exercising or attempting to exercise jurisdiction in one hundred four lawsuits filed in respondent court. Respondent has filed response to relator's petition.

The material facts necessary for a consideration of this case are as follows:

The shareholders of Acme-Goodrich, Inc., at a meeting on July 9, 1958, approved and adopted an agreement of merger into General Grain, Inc., relator herein. Both of said corporations were incorporated under the Indiana General Corporation Act.[1]

Within thirty days after the adoption of the merger agreement, one hundred four preferred stockholders of Acme-Goodrich, Inc., filed with said corporation their written objections to the merger and their demand for payment of the value of their shares, pursuant to statute.[2] None of the one hundred four shareholders voted his shares in favor of the merger at the aforesaid meeting held on July 9, 1958.

Thereafter on August 12, 1958, articles of merger were filed with and approved by the Secretary of State, and the merger of Acme-Goodrich, Inc., into General Grain, Inc., became effective.

---

1. Burns' Indiana Statutes §25-101 *et seq.,* (1957 Cum. Supp.), being Acts 1929, ch. 215; 1941, ch. 226; 1949, ch. 194.

2. Burns' §25-236 (1948 Replacement), being Acts 1929, ch. 215, §37, p. 725.

Thereafter on November 10, 1958 (and within the ninety day period prescribed by statute)[3] the one hundred four objecting stockholders filed their complaints or petitions against Acme-Goodrich, Inc., and General Grain, Inc., relator herein, for the value of their stock. The complaints were not included in the record with the exhibits brought here before us, and we therefore must assume no question is raised but that they were in proper form to be filed in court under §37[4] of the Indiana General Corporation Act. Relator entered special appearance and filed motions to quash the return to the summonses for the reason said return did not show a copy of the complaints was served with the summonses as required by Rule 1-1A of the Supreme Court, which provides:

> "A copy of the complaint or petition shall be served with the summons in all actions other than for divorce, custody of children and determination of incompetency or mental illness, unless otherwise ordered by the court, or the judge thereof in vacation, prior to issuance of summons. All copies of the complaint or petition required for compliance herewith shall be furnished by the plaintiff to the clerk prior to the issuance of summons, and shall be delivered by the clerk to the proper sheriff at the time the summons is issued."

It is asserted by relator that plaintiffs-stockholders did not, in accordance with said rule, obtain an order from respondent court, prior to the issuance of summons, dispensing with the necessity of serving a copy of the complaints with the summonses, and that as a result of the service of the summonses without a copy of the complaints, respondent court did not acquire

---

3. Burns' §25-236 (1948 Replacement), *supra;* and Burns' §25-233 (1948 Replacement), being Acts 1929, ch. 215, §34, p. 725.
4. Burns' §25-236 (1948 Replacement), *supra.*

jurisdiction of the person of relator and Acme-Goodrich, Inc. Subsequent to the filing of relator's motion to quash, plaintiffs below have filed motion to serve copies of the complaints on Acme-Goodrich, Inc., and General Grain, Inc., relator, which motion was sustained, and copies of the complaints were thereafter served on Acme-Goodrich, Inc., and relator, as appears from the response filed to the writ.

To consider this question we note the provisions of the statute under which the complaints or petitions were filed, viz:

> "Merger or consolidation—Rights of dissenting shareholders.— . . . If within thirty [30] days after such effective date, the surviving or new corporation, as the case may be, and the shareholder do not so agree, either such corporation or *the shareholder may, within ninety [90] days* after such effective date, *petition . . . the circuit or superior court . . . to appraise the value of such shares;* . . . . The practice, procedure and judgment in the circuit or superior court upon such petition shall be the same, so far as practicable, as that under the eminent domain laws in this state; . . . ." (Emphasis supplied.) Burns' §25-236, (1948 Replacement), being Acts 1929, ch. 215, §37, p. 725.

The statutory provisions governing notice are set out in the Eminent Domain Statute as follows:

> "Upon the filing of such complaint *the clerk shall issue a notice* requiring the defendants to appear before said court . . . ." (Emphasis supplied.) Burns' §3-1703, (1946 Replacement), being Acts 1935, ch. 76, §2, p. 228.

It will thus be noted that the statutory provisions for the bringing of an action by a dissenting stockholder here provide only for the filing of the petition by the plaintiff within ninety days and the requirements of notice are those set out in

the Eminent Domain Act, *supra,* that "Upon the filing of such complaint *the clerk shall issue a notice. . . ."* (Emphasis supplied.)

The situation is thus markedly different from that in civil actions where the statute provides:

> "A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon; . . ."

and where it further provides:

> ". . . and the action shall be deemed to be commenced from the time of issuing the summons; . . . ." Burns' §2-802, (1949 Replacement), being Acts 1881 (Spec. Sess.), ch. 38, §55, p. 240.

This difference in the statutory law of this state was recognized in a recent decision of this court in *State ex rel. Chronowski* v. *Lake C. C., etc., et al.* (1958), 238 Ind. 471, 473, 152 N. E. 2d 676, 677, involving statutes on recounts and contests of elections wherein it was stated:

> "Throughout the sections of the statutes on recounts and contests of elections the wording is 'the clerk shall issue a notice . . . ' while in the cases applicable to ordinary civil actions the plaintiff has the duty of filing his complaint 'and causing a summons to issue thereon.' "

We there held the trial court had jurisdiction to entertain the proceedings where the petition was filed within the fifteen day period required by the statute although the notice was not issued by the clerk until some time after the statutory period had expired. And we stated in such case at p. 474 of 238 Ind. and p. 677 of 152 N. E. 2d.: ". . . . the parties should not be penalized by a clerk's failure."[5]

We are not unmindful that Rule 1-1A of this Court

---

5. See also: *Nat. City Bk. of Evansville, etc.* v. *Bledsoe et al.* (1957), 237 Ind. 130, 143, 144 N. E. 2d 710, 716.

is specific in requiring that a copy of the complaint or petition be served with the summons in all actions (except as therein excepted), and that all copies of the complaint or petition required for such compliance be furnished by the plaintiff to the clerk prior to the issuance of summons, and delivered by the clerk to the proper sheriff at the time the summons is issued.

It should be noted, however, that this court rule makes no change in the issuance or service of summons, and when the provisions of our statutory law in certain proceedings, such as in the case before us, specify that an action is deemed commenced *upon the filing of the complaint or petition,* and do not also require the issuance of a summons before the action may be deemed commenced, it necessarily follows that the failure of the clerk to issue a summons,[6] and similarly a copy of the complaint therewith within the time for filing the complaint or petition, does not defeat the court's jurisdiction of the action or of the defendant, if the necessary service is thereafter had. Otherwise, we would be holding that issuing and serving copy of the complaint would be more important and vital to the proceedings than service of the summons, which would be nonsensical. The issuance and service of copy of the complaint was never intended to be a substitute for the summons but rather as a supplement to the summons so as to inform a defendant of the details of the action filed.

It is necessarily our conclusion in this case that respondent court had jurisdiction of the one hundred four actions pending before it and of the defendants therein, as against the allegations of relator's motion to quash the service for failure to include

---

6. See: *State ex rel. Chronowski* v. *Lake C. C., etc., et al.* (1958), 238 Ind. 471, 152 N. E. 2d 676.

copy of complaints therewith, and that the petition for the writ of prohibition should be denied.

Petition for writ denied.

Achor, C. J., and Arterburn, Jackson, and Bobbitt, JJ., concur.

NOTE.—Reported in 159 N. E. 2d 385.