Richard L. NETERMYER, Plaintiff,

v.

Rodney J. HENLEY and Orval Shroyer, Defendants.

Civ. No. 1366.

United States District Court
N. D. Indiana,
Fort Wayne Division.

June 11, 1962.

Jack W. Lawson, Ft. Wayne, Ind., for plaintiff.

William L. Wilks, Ft. Wayne, Ind., for defendants.

ESCHBACH, District Judge.

This matter is presently before the Court on defendants' motion to quash service of summons and Marshal's return thereon and to dismiss plaintiff's cause of action. The grounds alleged in support of this motion are that the above-en-

titled cause of action is barred by the statute of limitations, as the summons was not lawfully or properly issued by the Clerk of the United States District Court for the Northern District of Indiana within time sufficient to prevent this cause from being barred by the applicable statute of limitations.

The Court has had the benefit of briefs and oral argument by able counsel.

Before embarking upon a discussion and disposition of this motion, a brief review and statement of the facts which give rise to this motion would seem to be in order due to their peculiar nature which creates the novel question presently confronting the Court.

Plaintiff, Richard L. Netermyer, is seeking by this action to recover damages for personal injuries which he alleges were sustained by him in a collision with a vehicle operated by the defendants, Rodney J. Henley and Orval Shroyer, and a vehicle operated by himself, which occurred in the State of Indiana on May 3, 1960.

Plaintiff filed his Complaint in the Office of the Clerk of the United States District Court for the Northern District of Indiana on May 2, 1962; however, the summons in this cause was not issued by the Clerk until May 7, 1962, and was not received by the Marshal until May 8, 1962. Service of the summons was made upon both defendants on May 9, 1962, and the return of service was filed in the Office of the Clerk on May 11, 1962.

Defendants appeared specially and entered a motion to quash the summons and to dismiss plaintiff's cause of action on grounds that it was barred by the applicable statute of limitations.

In order to bring the problem raised by defendants' motion into focus, it is necessary to quote the pertinent portions of the Indiana statutes upon which defendants rely.

On May 3, 1960, the applicable statute of limitations relating to actions for personal injuries as enacted by the Indiana legislature and as contained in Ind. Ann.Stat. § 2–602 (Burns' 1946) was as follows:

"Limitations of action

"The following actions shall be commenced within the period herein prescribed after the cause of action has accrued, and not afterwards: First. For injuries to person or character, for injuries to personal property, * * *, within two (2) years."

On that date, the following statute relating to the commencement of actions was also in force and was as follows:

"Filing complaint—Summons.—A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons; * * *" Ind.Ann.Stat. § 2–802 (Burns' 1946).

On the other hand, Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A. p. 199 provides as follows:

"A civil action is commenced by filing a complaint with the court."

In addition, Rule 4(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. p. 208, provides as follows:

"Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it."

At this juncture, it should be noted that there is no question but that this Court is bound to apply the Indiana statute of limitations in a personal injury case arising in the State of Indiana wherein jurisdiction is founded solely upon diversity of citizenship. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Moreover, it is equally true that where a state statute provides what act or acts shall constitute the commencement of an action in its courts, a federal court sitting in that state must apply the criterion as embodied in the state statute for the purpose of determining whether or not the

applicable state statute of limitations has tolled in an action wherein jurisdiction is founded solely on the basis of diversity of citizenship. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S. Ct. 1233, 93 L.Ed. 1520 (1949). See also 2 Moore F.P.2d 772 et seq. and 1 Fed. Prac. & Proc., Barron & Holtzoff § 163. Furthermore, it is clear that the Indiana law as to what constitutes the issuance of summons for the purpose of determining when an action has been commenced is binding upon this Court sitting in a case wherein jurisdiction is founded solely upon diversity of citizenship. Vercillo v. Saksa, D.C.N.D.Ind., 131 F.Supp. 739 (1955).

These principles are not, however, entirely dispositive of the problem raised by the facts which are presently before the Court. In the present case, it appears from her testimony that the employee of the Clerk with whom plaintiff's complaint was filed on May 2, 1962, was employed only on a part-time basis less than two (2) years prior to this filing and not made a full-time employee until May 14, 1962. She, alone, was on duty and testified she was not informed by plaintiff's counsel, nor was she otherwise aware, of the urgency of the matter. However, plaintiff's counsel, because of the unusual nature of the facts, asked for and was granted the privilege of testifying, during the hearing on the motion, regarding his recollection of the events surrounding the filing of the complaint. He testified in substance that he made a comment to the effect that he was glad he arrived at the Clerk's office in the morning of May 2, 1962, because the statute of limitations would run the next day. However, he also stated that the Deputy Clerk made no response, and he could not be sure, and was not sure, whether she heard counsel's comment. Thus, there is no direct conflict between the testimony of the Deputy Clerk and counsel for plaintiff. Counsel received no indication that the Deputy Clerk heard him, and she testified she was not informed of the urgency. The Deputy Clerk did not issue the summons until May 7, 1962, due to the press of other business in her office. This fact would seem to distinguish this situation from those present in the Ragan and Vercillo cases, supra, since in those cases there was no evidence of neglect on the part of an employee in the Clerk's office, as here.

The Court must, therefore, proceed to an analysis of the effect of the above-mentioned unusual factor present in this case on the rights of the parties in order that a proper disposition may be made of the motion pending before the Court. In doing so, it is necessary to consider what effect such a failure would have upon plaintiff's rights had he brought the present action in an Indiana court under the same circumstances. That is to say, would an Indiana court consider such a factor sufficiently material to relieve a plaintiff from literal compliance with the aforementioned Indiana statutes on the theory that he should not be thereby prejudiced. Such an inquiry seems particularly germane when the rationale of Guaranty Trust Co. of New York v. York, supra, and Ragan v. Merchants Transfer & Warehouse Co., supra, is considered.

Both of those cases proceed upon the theory that the spirit of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires that the outcome of a case be not materially altered depending upon whether that case be brought in a state court or in a federal court sitting within that state where the federal court's jurisdiction is based solely upon diversity of citizenship. Therefore, the Court must look to Indiana law to determine whether in these unusual circumstances the doors of an Indiana court would be closed to this plaintiff, as it may not mechanically apply the Guaranty, Ragan, and Vercillo cases where in doing so it would do violence to the spirit of those cases.

The Court's independent research of the Indiana authorities has disclosed no authority directly in point with the problem here involved. However, research has revealed at least two Indiana cases which strongly imply the probable dis-

position of this problem by an Indiana court. The first of these, State ex rel. Chronowski v. Circuit Court of Lake County, 238 Ind. 471, 152 N.E.2d 676 (1958), involved an action for a writ of prohibition to keep the trial court from entertaining a petition for a recount of election votes. The relator asked that the contest and recount action be dismissed on the ground that although the petition was filed within the statutory 15-day period following the election, the notice was not issued by the Clerk until some time after the expiration of the 15-day period. The relator's theory was that in civil actions, an action is not commenced until the summons is issued and, therefore, this action was not commenced until after the expiration of the 15-day period, citing Ind.Ann.Stat. § 2–802 (Burns' 1946). The Indiana Supreme Court noted that this particular action was not governed by Burns' § 2–802 and that the applicable statute required the Clerk merely to issue notice immediately upon the filing of such a petition. It then held that the parties should not be penalized by a Clerk's failure and denied the permanent writ of prohibition. However, the Court stated that in the ordinary civil action to which Burns' § 2–802 applies, *the plaintiff has the duty of filing his complaint "and causing a summons to issue thereon."* (Emphasis added.)

The second of these, State ex rel. General Grain, Inc. v. Superior Court of Marion, 239 Ind. 605, 159 N.E.2d 385 (1959) involved the same problems presented in State ex rel. Chronowski, supra, although it arose in a different factual context wherein shareholders were seeking to enforce statutory appraisal rights in the face of a merger. The Indiana Supreme Court re-emphasized its holding in State ex rel. Chronowski while noting that in the ordinary civil action the *plaintiff has the duty of filing his complaint "and causing a summons to issue thereon".* (Emphasis added.)

■ Therefore, it would seem that a logical inference from these two Indiana cases would be that the plaintiff in the above-entitled cause would be barred from bringing this action in an Indiana court, since it is the plaintiff's duty in the normal civil action to which Burns' § 2–802 applies not only to file his complaint, but to see that the summons is issued.

■ This being the situation, it is apparent that this Court has no alternative but to hold in conformity with the doctrine of Guaranty Trust Co. of New York v. York, supra, as applied in Ragan v. Merchants Transfer & Warehouse Co., supra, and Vercillo v. Saksa, supra, that the plaintiff's cause of action in the instant case is barred.

■ In arriving at this result, the Court is not unmindful that the plaintiff herein is being denied a trial of his case on the merits. That plaintiff's counsel has the responsibility of filing the complaint and "causing a summons to issue thereon" has been of little nourishment to this Court in arriving at a conclusion which does not fully satisfy our individual concept of justice. In the deliberation and research on the problems here presented, the Court has given careful consideration to the oft used distinctions between those matters which are substantive in nature and those which are procedural. Likewise, the Court has examined the opinion of *the Court of Appeals* in the Ragan case, noting the importance given by that court to the finding that the section of the Kansas statute prescribing what constitutes the commencement of the action was an "integral" part of the statute of limitations. Ragan v. Merchants Transfer & Warehouse Co., C.A.10th Cir., 170 F.2d 987 (1948). However, the possible application of such distinctions would, in the opinion of this Court, do violence to the spirit of the controlling decisions cited herein, beginning with Erie v. Tompkins, supra. The paramount consideration in cases before this Court where jurisdiction is founded solely on diversity is whether the litigant may be placed in a better or more advantageous position in the federal court than he could have enjoyed in the state court. It is now well settled that such a result would not be

permitted. To endeavor to give recognition to our own individual concepts of justice would constitute a throwback to the Swift v. Tyson period (1842–1938). Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865. The danger here involved is apparent and was removed by Erie v. Tompkins, supra. Unfortunately, the conclusion of the Advisory Committee on Rules that Rule 4 (a) of the Federal Rules of Civil Procedure would reduce the chances of such a question as here presented from arising is of little assistance. See, Notes of Advisory Committee on Rules, Rule 3, 28 U.S.C.A. p. 199.

Defendant's motion to quash service of summons and dismiss plaintiff's cause of action is hereby granted and the case is dismissed.