APARTMENT PROPERTIES, INC. *v.* LULEY

[No. 268A13. Filed August 20, 1968. Rehearing denied October 3, 1968. Transfer granted May 2, 1969.]

*C. Severin Buschmann, Donald A. Schabel,* and *Buschmann, Carr & Schabel,* of counsel, of Indianapolis, for appellant.

*Johnson & Weaver,* of Indianapolis, for appellee.

BIERLY, J.—Prior to the time this cause was fully briefed, appellee filed on February 23, 1968, a motion to dismiss the appeal, which motion was not accompanied by a brief. The court, on March 27, 1968, denied the appellee's motion to dismiss. On June 3, 1968, one day prior to the date set for oral argument, and which oral argument was held on

June 4, 1968, appellee filed a second motion to dismiss the appeal, and filed therewith a brief in support of her said motion.

We shall briefly comment on said second motion to dismiss. In the said motion to dismiss the appeal, the appellee states "that the appellant's appeal arose by way of an appointment of appraisers to appraise stock owned by the appellee in a corporation which was merged into the appellant, said merger being objected to by the appellee." Such appointment, appellee contends, constitutes an interlocutory order from which no appeal may be taken, therefore, this appeal should be dismissed.

Since we shall decide hereinafter, however, that prior to its issuing of its order appointing appraisers, the trial court erred in overruling the appellant's motion to dismiss on the issue of appellee's failure to give notice and demand for the payment of the value of the shares of stock to the merging corporation, the Port Realty Corporation in which appellee was a shareholder, we must overrule this second motion to dismiss.

This appeal arose from an adverse judgment against appellant by Superior Court of Marion County, Room 1.

The nature of this action, as summarized in the appellant's brief, is as follows:

This is a statutory proceeding under § 37, Ch. 215, Indiana General Corporation Act (Burns' Ind. Stat. § 25-236).

The appellee, Corneila Luley, was the holder of 101 shares of Class B Common Stock of Port Realty Corporation, which corporation merged into the appellant corporation, Apartment Properties, Incorporated, on August 14, 1967. The appellee petitioned the court below for appraisal of the shares she held in Port Realty, as provided for in the cited statute.

The appellee's complaint petitioned the court to appraise the value of the shares of the appellee's Common Stock in Port Realty. Said complaint, in part, reads as follows:

## "IV

"That Apartment Properties, Inc. and Port Realty Corporation did on June 5, 1967, enter into an Agreement of Merger of the two corporations subject to the approval of the Board of Directors and the Shareholders of both corporations.

## "V

"That the Board of Directors of Port Realty Corporation at a special meeting held June 5, 1967, adopted a resolution approving an Agreement of Merger of said corporation with Apartment Properties, Inc. and directed that the plan be submitted to the shareholders at a special meeting to be held on the 12th day of July, 1967.

## "VI

"That on July 12, 1967, the shareholders approved the Agreement *by* Merger by a vote of 304 to 197.

## "VII

"The shareholders of Apartment Properties, Inc. also approved the Agreement of Merger at a meeting held on July 10, 1967.

## "VIII

"That the merger became effective when the Articles of Merger were filed with the Secretary of State of Indiana, and approved on the 14th day of August, 1967, with Apartment Properties, Inc. the surviving corporation.

## "IX

"That your petitioner opposed said merger.

## "X

"That your petitioner made written demand for payment of the value of petitioner's shares of stock in Port Realty Corporation by delivering written notice of said demand at the office of both the surviving and merging corporations and the office of Thomas A. Moynahan, the

Resident Agent of both corporations. A copy of said demand is marked "Exhibit A" and attached hereto. (¹)

"XI

"That more than thirty days have elapsed since the effective date of said merger and your petitioner and the surviving corporation have been unable to agree as to the value of petitioner's shares.

"WHEREFORE, your petitioner prays the Court:

"1. That this Court appraise the value of petitioner's shares in Port Realty Corporation.

"2. That such appraisal be made, as far as practicable, in accordance with the practice and procedure under the eminent domain laws of the State of Indiana.

"3. That the Court order the defendant to pay the appraised value of such stock, together with interest as provided by law, to the petitioner within 60 days after the order of this Court finding the appraised value of such stock.

"4. That the defendant be notified by the Clerk of this Court to show cause why this petitioner should not be granted her appraised rights.

---

(1)
"EXHIBIT A
"TO: Apartment Properties, Inc.
      850 North Pennsylvania Street
      Indianapolis, Indiana
"Whereas the shareholders of Port Realty Corporation, a corporation organized and existing under the laws of Indiana, at a special meeting held on Wednesday, July 12, 1967, at 10:00 A.M. (E.S.T.), purported to approve an agreement providing for the merger of said corporation with Apartment Properties, Inc., a corporation organized and existing under the laws of Indiana; and whereas the undersigned has not approved such purported merger.
"Now therefore, pursuant to the states [sic] of the State of Indiana made and provided:
"1. The undersigned hereby makes written objection to said merger;
"2. The undersigned hereby certifies that she is the holder of record of 101 shares of the Class B Common Stock of no par value of Port Realty Corporation evidenced by certificate No. 10;
"3. The undersigned hereby makes written demand upon Apartment Properties, Inc., for the payment to the undersigned of the value of said shares.
                    "Dated this 5th day of August, 1967.
                    "/s/ Cornelia Luley
                         873 South Atlantic Avenue
                         Cocoa Beach, Florida
"(Tr. p. 7, ll. 1 to 27)"

"5. That the Court appoint three disinterested persons to appraise the fair value of petitioner's share in Port Realty Corporation as of the effective date of the merger.

"6. That the costs of this action be assessed against the defendant, and for all other relief just and proper in the premises. (Tr. p. 4, l. 8 to p. 6, l. 24)"

Appellant filed objections to the proceedings raised in appellant's complaint on the grounds that the court had no jurisdiction of the subject matter, and that the appellee had no legal right to petition the court to appraise the value of her shares of Common Stock in Port Realty. The court overruled the appellant's objections to the proceedings, and appointed appraisers as requested by the appellee.

The single error to be considered in this appeal is whether the trial court erred in overruling the appellant's objections to the proceedings below, the question being, may a shareholder who dissents to the merger of a corporation with another corporation avail himself of the appraisal provisions of § 37, ch. 215, of the Indiana General Corporation Act (Burns' § 25-236) by filing written objections to the merger and demand payment of the value of shares from the surviving corporation rather than from the corporation in which he is a shareholder?

Section 37, ch. 215, of the Indiana General Corporation Act (Burns' Ind. Stat. § 25-236), is as follows:

"If any shareholder of any corporation a party to a merger or consolidation who did not vote in favor of such merger or consolidation at the meeting at which the agreement of merger or consolidation was adopted by the shareholders of such corporation, shall, at any time within thirty [30] days after such adoption of the agreement of merger or consolidation by such shareholders, object thereto in writing and demand payment of the value of shares, the surviving or new corporation shall, in the event that the merger or consolidation shall be made effective, pay to such shareholder, upon surrender of his certificates therefor, the value of such shares at the effective date of the merger or consolidation. If within thirty [30] days

after such effective date the value of such shares is agreed upon between the shareholder and the surviving or new corporation, as the case may be, payment therefor shall be made within ninety [90] days after the effective date. If, within thirty [30] days after such effective date, the surviving or new corporation, as the case may be, and the shareholder do not so agree, either such corporation or the shareholder may, within ninety [90] days after such effective date, petition the public service commission of this state, if the corporation be a public utility, or the circuit or superior court of the county in which the principal office of the corporation is located, if the corporation be not a public utility, to appraise the value of such shares; and payment of the appraised value thereof shall be made within sixty [60] days after the entry of the judgment or order finding such appraised value. The practice, procedure and judgment in the circuit or superior court upon such petition shall be the same, so far as practicable, as that under the eminent domain laws in this state; and the practice, procedure and order before the public service commission upon such petition shall be as prescribed by law and the rules of the commission.

"Upon the effective date of the merger or consolidation any shareholder who has made such objection and demand shall cease to be a shareholder and shall have no rights with respect to such shares except the right to receive payment therefor. Every shareholder who did not vote in favor of such merger or consolidation and who does not object in writing and demand payment aforesaid, shall be conclusively presumed to have assented to such merger or consolidation."

It is the position of the appellant that any shareholder who dissents to a merger should file the requisite objection and demand for payment of the value of the shares with the corporation in which he is a stockholder, for it is the action of his own corporation in adopting the merger agreement that he is protesting. Therefore, appellant argues that the appellee, by directing her written objection to the surviving corporation (Apartment Properties, Inc.), rather than the merging corporation in which she was a shareholder, failed to comply with the preconditions of the right to an appraisal under the statute. The appellant believes the provisions which

define the manner in which the dissenting shareholder must make known his dissent and demand for appraisal are mandatory and not merely directory requirements which must be strictly complied with or else there is no right to an appraisal, citing Annotation 162 A. L. R. 1237, and *Shaffer v. General Grain, Inc.* (1962), 133 Ind. App. 598, 182 N. E. 2d 461.

Both parties rely on the *Shaffer* case, *supra*, which involved a shareholder's notice of dissent and demand made also on the surviving corporation, but made *prior* to the adoption of the agreement of merger, and, thus, prior to the statutory period during which notice must be given. The court decided the case on the basis of the point in time the notice was given, and not on the basis of the party to which it was given. There is, however, language in *Shaffer, supra,* which seems to support the position of both parties as to which corporation should properly receive the notice and demand.

The appellee contends that merger statutes are to be liberally construed in favor of the shareholder, the theory of this argument being that such statutes have deprived the shareholder of his right to prevent a merger or a consolidation by abrogating the common law rule requiring unanimous approval of corporate consolidation, citing *Fletcher Cyclopedia Corporations*, Vol. 15, p. 286, and 19 Am. Jur. 2d § 511, and *Shaffer, supra.*

Appellee argues that the essence of the statute in question is notice and not form, and that her compliance is proper, in that:

1. The appellee's notice and demand was made on the surviving corporation, which is the corporation obligated by law to pay the dissenting shareholders for their interests, and;

2. That actual written notice of appellee's dissent and her demand for payment for the value of her stock was served

at the office of both merging and surviving corporations, and the office of the person who was resident agent of both corporations. Appellee further reasoned that since the content of the notice applied equally to either corporation and was delivered to the person who was resident agent of both corporations, thence both corporations were on notice of appellee's demand.

We are of the opinion that appellee's contention, as set forth in the second paragraph above, is wholly without merit. As stated above, appellee addressed her notice to Apartment Properties, Incorporated, and delivered it to the resident agent of said corporation. Appellee reasons that since the said resident agent is also the resident agent of the Port Realty Corporation, therefore, said resident agent of the Port Realty Corporation, as well as the corporation itself was legally served with statutory notice; but in *Shaffer, supra,* a controversy arose leading to the filing of a suit by appellant Shaffer, in the trial court, seeking to compel appellee General Grain, Inc., to make payment of the value of her shares of stock held in Cleveland Grain Co., Inc., which was the merging corporation in General Grain, Inc. Appellee's suit was based on the premise that the two telegrams exchanged between appellee and the president of the Cleveland Grain Co., Inc., constituted a legal notice and demand by appellee. Said telegrams relative to the dissent and demand, dated June 20, 1958, and June 26, 1958, respectively, are as follows:

> "Samuel R. Harrell
> Chairman of the Board of
> Cleveland Grain Co., Inc.
> 902 West Washington Ave. Indpls.
>
> "Upon advice of counsil (Sic) I descent (Sic) from the proposed merger with General Grain Inc. and wish to be paid in cash for my shares of preferred and common stock at a price to be negotiated or determined by the appropriate court. Your immediate reply is requested.
>
> R. W. Shaffer
> 136 E. Ocotillo
> Pasadena, California"

"R. W. Shaffer
136 Ocotillo

"Message received. Your Cleveland Grain shares will be recorded accordingly at the shareholders' meeting July 9. Notice being mailed this weekend.

Samuel R. Harrell, Chairman
Cleveland Grain Company."

The court in *Shaffer, supra,* on this contested issue, held that the telegram from appellee to appellant informing and notifying him that the shares would be recorded at the meeting of the shareholders in accordance with his message to the chairman of the board of the Cleveland Grain Co., Inc., together with other circumstances, were insufficient "to establish by the record that appellee was estopped to assert its objection to appellant's amended complaint." 133 Ind. App. 598, at p. 616. The chairman of the board of Cleveland Grain Co., Inc., was under no compulsion to legally file for appellant an effective notice of dissent and demand for payment of the value of his shares.

In *National Supply Co. v. Leland Stanford Junior University,* (1943: CCA 9th), 134 F. 2d 689 (writ of certiorari denied 1943), 210 U. S. 773, 88 L. Ed. 462, 64 S. Ct. 77, (reversing [1942:DC], 46 F.Supp. 389), it was held that:

". . . the dissenting stockholders could not complain that they were not advised by the corporation of their rights by a timely objection to claim the appraised value of their shares. The court said that a dissenting stockholder should be held to a degree of diligence in informing himself of and in asserting his rights, and that he may not by inaction speculate upon the merger, that he is not permitted to plead ignorance of the law of the state incorporation if he has negligently failed to inform himself thereof. . . ." 162 A. L. R. Anno. 1240.

The force and effect of the above quotation definitely requires that the notice and demand for payment by a dissenting shareholder for the value of his shares of stock *must be directed* to the corporation.

Schortemeier, in Indiana Corporation Law, at page 118, wrote:

"Section 37 of the 1929 Act is entirely new in Indiana corporation law and makes an important advance in that it takes care of the vexatious question of permitting the majority of voting shareholders to prevail in matters of merger or consolidation . . . and at the same time provides a compulsory statutory method for caring for the dissenting shareholders by paying them cash for their shares." (See: *Shaffer, supra,* at p. 612)

In the *Shaffer* opinion, written by Judge Kelley, on which opinion both appellant and appellee rely in part, he speaks as follows:

"Insofar as we are informed, it has not been the privilege of our Supreme Court nor of this court to heretofore construe or apply said § 37 of said Corporation Act with relation to a proceeding thereunder by a dissenting stockholder. We may be impelled, therefore, in some respects, to listen to the voice of some foreign authorities in their consideration of kindred statutes."

The *Shaffer, supra,* opinion stated that appellant's demand for payment is:

". . . altogether predicated on the presupposed premise that he made a written demand for the value of his shares in the manner provided in said § 37. *Although the Act is somewhat without clarity and precision in this particular regard it would seem to be a fair construction thereof, under the limited facts made evident in this case, that the written demand of the dissenting stockholder should be given to the new or surviving corporation, since it is the entity made responsible by the Act for the payment of the shares.*" (Emphasis supplied.)

The court, in the *Shaffer, supra,* opinion, further specifically had the issue of the time of notice under consideration but the question of notice by dissenting stockholder was not at issue, hence may be considered as *dicta.* Besides, the court used the phrase "it would seem to be a fair construction" that notice be given to the surviving or new corporation.

We find nothing in said opinion that would infer that a notice of objection to a merger or consolidation should not be initially addressed to the merging and/or consolidating corporation by a dissenting shareholder.

Appellant cited cases wherein the shareholders in a merger made objections thereto in writing and a demand for payment for value of their shares to the corporation in which they were shareholders.

In a case cited, to-wit: *State ex rel. General Grain, Inc. v. Superior Court* (1959), 239 Ind. 605, 159 N. E. 2d 385, the court stated, in reciting material facts for a consideration of the case, that on July 9, 1958, the shareholders of Acme-Goodrich, Inc., adopted and approved an agreement of merger, but within 30 days thereafter, 104 preferred stockholders of said Acme-Goodrich, Inc., filed with said corporation (Acme-Goodrich, Inc.), written objections to the merger and a demand for payment of the value of their shares, and that on August 12, 1958, the articles of merger were filed with and approved by the Secretary of State, which action made the merger effective; that within 90 days thereafter, the said *104 dissenting shareholders filed their complaints or petitions against Acme-Goodrich, Inc., and General Grain, Inc., relator herein, for the value of their stock.*

Thus, we see that notice of objection and demand for payment of value of their shares were given the merging corporation, and thereafter, after failure in agreement as to the value of the dissenting stockholders' stock in Acme-Goodrich, Inc., the petitions or complaints or suit was filed against both the merging and the surviving corporations.

In *State ex rel. General Grain, Inc. v. Boone Cir. Ct.* (1964), 245 Ind. 34, 196 N. E. 2d 77, the preliminary facts were the same as in the case cited above in 239 Ind. 605. On July 9, 1958, being the date of a called meeting, the shareholders of Acme-Goodrich, Inc., adopted an agreement of merger whereby Acme-Goodrich, Inc., Cleveland Grain Company, Inc., and

Associated Terminal Elevators of Indiana, Inc., were to be merged into General Grain, Inc. Within 30 days (period terminating August 8, 1958), 104 shareholders of preferred stock of said Acme-Goodrich, Inc., filed objections and demand for payment of the value of their shares with said Acme-Goodrich, Inc. The merger was consummated on August 12, 1958, as the 104 dissenting stockholders and General Grain, Inc., failed to agree in reference to the value of the shares. Within the 30 days after August 12, 1958, suit was filed in a consolidation of 104 separate actions in the person of one John H. Beals, plaintiff, and General Grain, Inc., and Acme-Goodrich, Inc., defendants, thus both merging corporations and surviving corporations had notice of the demand for payment of the value of the stock held by the dissenting stockholders.

General Grain, Inc. v. Pierre F. Goodrich (1966), 140 Ind. App. 100, 221 N. E. 2d 696 (rehearing denied 1967). The record in that appeal shows that the appellees were former stockholders of Acme-Goodrich, Inc. At a shareholders meeting on July 9, 1958, of Acme-Goodrich, Inc., the agreement of merger was adopted and approved by the shareholders of said corporation, with General Grain, Inc. General Grain, Inc., owned all of the common stock of Acme-Goodrich, Inc., and all of the said common stock was voted in favor of the merger, but 68% of the preferred stock was voted against said agreement of merger, and 104 dissenting stockholders demanded payment of the value of their preferred stock held in Acme-Goodrich, Inc.

The record further discloses that on August 6, 1958, within the 30 days after the adoption of the aforesaid agreement to merger by the shareholders of Acme-Goodrich, Inc., at the aforesaid meeting thereof, held on July 9, 1958, the plaintiff for himself and on behalf of 104 dissenting shareholders caused to be filed with the office of Acme-Goodrich, Inc., and General Grain, Inc., his written objection to said merger, and demanded payment of the shares so held by them.

Appellee, in the case at bar, earnestly asserts that inasmuch as the surviving corporation is commanded to pay the value of the shares of dissenting shareholders on demand, then the demand to pay should be addressed to the surviving corporation; but we have difficulty understanding how objections to the merger and demand for payment of the value of the shares could be directed and served upon a surviving or new corporation within 30 days after the adoption of the agreement of merger by the shareholders, when the surviving or new corporation does not come into being as such corporation until after the expiration of the 30 day period so designated.

Burns' § 25-231(f) requires the reapproval by the directors and the execution of the agreement as soon as practicable following the period of 30 days after the adoption of the agreement of merger by the shareholders,

> ". . . that one of the merging corporations which is the last, in point of time, to adopt the same, the agreement shall again be considered by the board of directors of each corporation a party thereto, at a regular or special meeting of such board, and if the board of directors of each such corporation, by a majority vote of the members of such board, shall again approve the agreement and shall authorize the execution thereof . . ." (Emphasis supplied.)

then the officers of each corporation shall sign the same and affix the corporate seal. This procedure brings into being the surviving or new corporation.

Before this status occurs, there is no surviving or new corporation. Concerning the effective date of the merger or consolidation, it provided by Burns' § 25-233, as follows: "Upon issuance of a certificate of merger or consolidation and incorporation by the Secretary of State, a merger or consolidation, as the case may be, shall be effected."

After the merger or consolidation shall be effected, the dissenting shareholder could appropriately make a demand

upon the surviving or new corporation for payment of the value of his shares of stock held in a corporation seeking to merger, or held in a corporation seeking a consolidation.

Factors determining an assumption that surviving or new corporations come into existence at the time the shareholders of several corporations have adopted the agreement to merge or consolidate is in error. We need only to consider these points, to-wit:

(a) The agreement of merger or consolidation must thereafter be reappraised by the directors of each of the merging or consolidating corporations.

(b) The agreement of merger or consolidation must be executed by the corporate powers of the several corporations.

(c) The articles of merger or consolidation and incorporation must be issued by the Secretary of State before a surviving or new corporation comes into existence.

It is quite apparent that when a shareholder votes against a merger or consolidation, two courses are open to him; 1) after expressing his dissent by his vote he may take no action. In so doing, he is registering his opposition to the merger or consolidation but intends to become affiliated as a shareholder in the surviving corporation or new corporation, thereby being on an equivalent basis comparable with the shareholders voting in the affirmative; 2) after registering by his vote his dissent to the merger or new corporation, if such dissenting shareholder desires payment for the value of his shares of stock, *he must serve notice and demand for the payment of the value of his shares upon the corporation in which he holds his shares of stock.*

This second procedure indicated above acquaints the corporation of the intent of the dissenting shareholder and may lead to amicable adjustment of his demand for the payment of the value of his stock in the merging corporation.

If no settlement is forthcoming between the dissenting shareholder and his merging corporation, all parties to the merger or consolidation are put on notice that the dissenting shareholder or shareholders of the merging corporation, or the consolidating corporation, are objecting to that merger or consolidation, and, further, expect payment for the value of their shares of stock so held.

In this manner, when the directors of the several corporations are called upon to vote their reapproval of the merger or consolidation, they are fortified with the knowledge as to the dissenting shareholders who are demanding payment for the value of shares held in the several corporations seeking merger or consolidation.

It then appears that the logical and necessary step for dissenting shareholders expecting payment for the value of their shares of stock held in a merging or consolidating corporation, is to give notice to and demand payment by the surviving or new corporation of such shares so held.

We are of the opinion that appellee was obligated in law to serve her notice and demand for payment of the value of her shares of stock as a dissenting shareholder of the Port Realty Corporation upon the said Port Realty Corporation, and her failure so to do precludes her recovery of the value of her shares of stock but she retains her stock in the surviving corporation, namely Apartment Properties, Inc.

We are further of the opinion that the trial court committed reversible error in overruling appellant's written objections to the proceedings and appointing appraisers in said cause.

In view of our decision that appellee failed to make and file objections to the merger and demand payment of the value of her shares held in the Port Realty Corporation with the said Port Realty Corporation, the trial court lacked jurisdiction to entertain said cause of action.

And the court reverses the trial court in overruling the appellant's objections to the proceedings and now remands this cause to the trial court with instructions to sustain appellant's objections to the proceedings, with costs against appellee.

Judgment reversed.

Pfaff and Smith, JJ., concur.

Cook, P.J., not participating.

NOTE.—Reported in 239 N. E. 2d 403.