### A. D. WEBSTER v. J. P. SHARPE.

*Action for Slander — Statute of Limitations — Issue of Summons.*

1. A summons is issued when it passes from the hands of the Clerk for the purpose of being delivered to the Sheriff for service; it is not issued when filled up and signed and held for a prosecution bond to be given.

2. Words spoken to a person or in his presence, which, from the rest of the conversation as a whole, amount to a charge of a crime to the apprehension of the person hearing them, are slanderous and defamatory although they do not, in terms, charge the crime.

ACTION for Slander, tried before *Hoke, J.*, and a jury, at July Term, 1894, of ALAMANCE Superior Court.    There was verdict for the defendant and plaintiff appealed.

The action was brought to recover damages for defamation of character.    The plaintiff alleged among other things that defendant did maliciously speak of and concerning the plaintiff, in presence of plaintiff and one W. T. Webster, the following words in substance, speaking to plaintiff, to-wit: "I found out who went into my store," and plaintiff asked "Who was it?"    Defendant replied "It was you and

WEBSTER v. SHARPE.

your brother, W. T. Webster, and if you and he will give up what you took, I will hush it up, and have no more to do with it," whereby defendant maliciously intended to charge plaintiff with breaking into his store and stealing goods and money, etc.   Defendant denied the allegation, and said substantially that, believing the said parties did enter his store, and being anxious to recover what he had lost, he did not make the statement with malice, but only to give expression to an honest opinion in their presence and others that they were the parties, and if he could get back his money, etc., he would say nothing more about it, etc.; and further that more than six months elapsed after the alleged words were spoken and before the commencement of this suit.

### ISSUES.

1. Did defendant utter to Alexander Trogden of and concerning plaintiff slanderous words charging that plaintiff entered the store of defendant and stole money therefrom? Ans. No.

2. Were the slanderous words charged in the complaint uttered within six months before the commencement of this suit? Ans. No.

3. What amount of damages is plaintiff entitled to recover? ——

It was to the charge of the Court on the issue as to the statute of limitations, that the plaintiff excepted, and takes the appeal.

All the evidence tended to show that the alleged breaking was on the night of December 31, 1892, and defendant made the charge next morning to different persons and repeated it to various persons for a day or two till January 3, 1893, and there was no evidence tending to show

any charge after January 3, 1893, except the evidence of witness Trogden, who testified that he was at defendant's store three or four weeks after breaking, and in talking with defendant some one said, "If you accuse the Websters of breaking into your store they would go on to you," and defendant Sharpe thus replied, "Well, I have told them to their face they were the boys and I have never accused any one else with doing it." That defendant Sharpe afterwards on that same occasion offered witness Trogden $20.00 to find out who did do it and also said to witness that he didn't believe much in liquor but he thought it would be a good plan to get them drunk and get it out of them in that way. Defendant testified that he never made charge to any one after January 3, and that the conversation with Trogden was before that time and not after.

Plaintiff also offered in evidence the summons docket or the entries kept by Clerk in his Court Summons Docket purporting to give date when suit commenced. The case at Bar was 820 and entry opposite docketed May 30th, 1894. The case just before this being 819 was entered as docketed May 3rd, and case just after being 821 was entered as docketed June 14th. The Clerk testified that he never put these summons on his docket till they were issued, but he knows this summons was not issued the day it bears date and the day of this entry, because there was no Deputy and he himself was in Greensboro. That he supposes in making the entry he was mislead by the date of the summons. The Clerk stated also that he is right confident summons must have been issued before the date of the next case June 14th, because he did not docket these cases at all till the summons was issued, that is that it was his custom not to do so, but he could not state this positively. He states this summons was issued when bond was

given, but don't know when that was; bond is in hand-writing of Mr. Long except name of one of the sureties, which is in the handwriting of the Clerk. The Clerk further stated that he recollected the Sheriff coming for the summons once, when bond had not been completed; and when bond was completed summons was issued by him. By issuing summons he means handing same out to Sheriff to be served. The summons had entered on back in handwriting of Sheriff: Rec'd July 10—Served July 11. Sheriff Hamilton testified these entries were in his handwriting and gives dates correctly; that summons was handed to him by the Clerk on the 10th day of July, 1893. Before this Mr. Long had handed to him a summons and asked Sheriff to give same to Clerk to have docketed. He took same to Clerk and when he did Clerk said no bond had been given in the case and summons could not be issued. He asked Clerk to give summons back to him when bond was completed, and says the entries on back of summons was a correct return. He thinks there was one name on the bond when Mr. Long first handed him the summons which was in May before. He cannot recollect whether summons was signed by Clerk when Mr. Long first gave it to him or not. He asked Clerk for summons once before it was handed out to him in July and did not get it. Bond was not then completed. This was on May 30th. The Court charged the jury that the action was commenced by issuing the summons and the summons was issued whenever it was put out from the Clerk's office by direction and under sanction and authority of the Clerk and handed to the officer for the purpose of being served; that if it was sent out and handed to some one else to give to the officer for the purpose of being served this would be an issuing of the summons, but it must leave the office for

this purpose by the direction or under the sanction or authority of the Clerk.   Plaintiff excepted.

That the burden of this issue was on the plaintiff to show by the greater weight of evidence that the action was commenced within six months from the last utterance of defamatory words.   That if the plaintiffs failed in this, or the minds of the jury were left in doubt about the matter so that they were unable to determine it from the evidence, verdict should be for the defendant.   Plaintiff excepted.

On first issue Court. charged the jury that if the words used to Trogden intentionally charged plaintiff with robbing store or the words used to him or in his presence by reasonable intendment and from the rest of his conversation amounted to such charge to the apprehension of Trogden or of any one who heard them, they would be slanderous and defamatory even though they did not make charge in express terms.   Plaintiff excepted.   There was no exception to any other portion of the charge on statute of limitations, nor to any other portion of the charge except as before noted.   There was verdict and judgment for defendant.

*Mr. E. S. Parker*, for defendant.
No counsel, *contra*.

FURCHES, J.:   This is an action of slander in which plaintiff alleges that defendant falsely charged him with breaking into defendant's store and taking his goods. Defendant answered denying the allegations in plaintiff's complaint, and pleaded the statute of limitations.   On the trial three issues were submitted to the jury—one as to whether defendant uttered the slanderous words as alleged, another as to the statute of limitations—and the third as to the amount of damages.

All the evidence tended to show that defendant's store

WEBSTER v. SHARPE.

was broken into on the night of the 31st of December, 1892; and the summons bears date the 30th day of May, 1893. But it was contended by defendant that in fact it was not issued until the 10th of July, 1893.

If the summons was issued at the time it bears date, it was in time. But if it was not issued until the 10th of July, it was not in time, and the statute of limitation was a bar.

The presumption is that it issued at the time it bears date, and the burden is on defendant to show that it did not. To do this, defendant introduced the clerk and the Sheriff, and their testimony tended to show that the summons did not issue at the time it bears date, and that as a matter of fact it was not issued until the 10th of July, 1893.

An action is commenced by issuing a summons. *Code*, Sec. 199. And an action is commenced when a summons is issued against a defendant. *Code*, Sec. 161. This involves the question as to what is meant by the word "issue," and we are of the opinion that it means going out of the hands of the clerk, expressed or implied, to be delivered to the Sheriff for service. If the clerk delivers it to the Sheriff to be served, it is then issued; or if the clerk delivers it to the plaintiff, or some one else, to be delivered by him to the Sheriff, this is an issue of the summons; or, as is often the case, if the summons is filled out by the attorney of plaintiff, and put in the hands of the Sheriff. This is done by the implied consent of the clerk, and in our opinion constitutes an issuance from the time it is placed in the hands of the Sheriff for service. But a summons simply filled up and lying in the office of an attorney, would not constitute an issuing of the summons, as provided for in *The Code*. Nor would the fact that a summons was filled up and held by the clerk for a prosecution bond (as the evidence in this case tends to show was the fact) constitute the issuing of a summons, until the bond is given, or

at least until it goes out by the consent of the clerk for the purpose of being served on the defendant. This being so, we see no error in the Judge's charge on the question as to when the summons issued and the statute of limitation.

The jury finds the first issue for the defendant—that he did not utter the defamatory words as alleged by plaintiff. And plaintiff excepts to the Judge's charge on this issue. But no error is pointed out in the exception, and we see none.

Judgment Affirmed.