# CHARLESTON.

## Scott *v.* Coal & Coke Railway Co.

Submitted September 12, 1911. Decided April 23, 1912.

Appeal and Error—*Dismissal—Failure to Perfect Proceedings.*

> Failure to perfect an appeal, writ of error or *supersedeas* by giving the bond required by law and the order of the court or judge, awarding it, within one year and two months from the date of the judgment, decree or order involved, makes it the mandatory duty of the appellate court, under section 17 of chapter 135 of the Code, to dismiss the appeal, writ of error or *supersedeas*, although the bond has been given after the expiration of such period.

Error to Circuit Court, Randolph County.

Action by Cora L. Scott against the Coal & Coke Railway Company. Judgment for defendant and plaintiff brings error.

*Dismissed.*

*C. H. Scott* and *H. G. Kump,* for plaintiff in error.

*E. A. Bowers* and *Price, Smith, Spilman & Clay,* for defendant in error.

Poffenbarger, Judge:

The interpretation of section 17 of chapter 135 of the Code, as amended by chapter 39 of the Acts of 1909, arises on a motion to dismiss this writ of error, on the ground of failure to perfect it within the statutory period. Final judgment was rendered November 25, 1909; the petition for the writ of error was presented November 25, 1910; the writ of error was allowed and the summons issued November 25, 1910; an alias summons, issued May 2, 1911, was served May 5, 1911; and the bond

was given before the clerk of the circuit court on the day of the service.

The presentation of the petition was admittedly within the period allowed by section 3 of chapter 135 of the Code; but, as the bond was not given until more than one year and two months after the date of the judgment, section 17 of said chapter is relied upon as requiring dismissal. The applicable portion of that section reads as follows: "No process shall issue upon any appeal, writ of error or supersedeas allowed to or from a final judgment, decree or order, if when the record is delivered to the clerk of the appellate court there shall have elapsed one year and two months since the date of such final judgment, decree or order, but the appeal, writ of error or supersedeas shall be dismissed whenever it appears that one year and two months have elapsed since the said date before the record is delivered to such clerk, or before such bond is given, as is required to be given before the appeal, writ of error or supersedeas takes effect." Whether the last clause of the provision here quoted is independent and merely requires dismissal for failure to give the bond, or requires dismissal for failure to give it within one year and two months from the date of the judgment, is the question. Though the disjunctive "or" is used, it is followed by the word "before," which necessarily relates to time. The provision says not that the appeal, writ of error or *supersedeas* shall be dismissed for failure to give the bond, but that it shall be dismissed whenever it appears that one year and two months have elapsed since the date of the final judgment, decree or order before such bond is given. To give it the former meaning, it would be necessary to substitute, for the preposition "before," the words "if no" or "unless." Either would manifest legislative intent accordant with the contention made here for the plaintiff in error, but the word "before" expresses a different intention. To sustain the view of the plaintiff in error that word would have to be utterly changed and the Court cannot alter it. Limitation of the right to appeal and of the time within which an appeal may be perfected is in the discretion and power of the legislature. Courts have no authority to ignore, set aside or annul the legislative will.

By allowing one year and two months for the execution of the bond after the allowance of the appeal, writ of error or *supersedeas* or presentation of the petition therefor, effect could be given to the statute without ignoring or altering the word "before;" but such interpretation would conflict with plain legislative intention indicated by other terms. The period from which to count the time is fixed by preceding terms which cannot be altered. The beginning point is the date of the judgment, decree or order complained of, and the clause of the section now under consideration, read in the light of its context and connection, requires the bond to be given before "one year and two months have elapsed since the said date." Surely, the legislature did not intend an allowance of a year and two months for the mere execution and filing of the bond to make the appeal, writ of error or *supersedeas* effective, for such a result would be clearly contradictory of the general purpose of the statute, namely, to limit the right of appeal to one year and then allow two months additional time for perfection thereof by securing the process, service thereof and execution of the bond. Strictly speaking, no appeal, writ of error or *supersedeas* exists, until the bond is given, in those cases in which bond is required. The statute says it shall not take effect until after the bond shall have been given. Code, ch. 135, sec. 14. The plain design of the two sections here involved is to require the petition to be presented within one year from the date of the judgment, decree or order and allow two months additional time for performance of all additional things requisite to the transfer of the cause into the supreme court.

This interpretation of the statute harmonizes with the rulings of the Virginia court under similar statutes. Under the Code of 1849, the limitation read as follows: "But the appeal, writ of error or supersedeas shall be dismissed whenever it appears that two years have elapsed since the said date before the record is delivered to such clerk, or before such bond is given as is required by law to be given before the appeal, writ of error or supersedeas takes effect;" and the court held, in *Yarborough* v. *Deshazo,* 7 Grat. 374, not only that the bond must be given within five years from the date of the judgment or

decree, but also that the statute was mandatory, requiring dismissal for failure and leaving no discretion in the court as to its action. To the same effect see *Otterback* v. *Railway Co.,* 26 Grat. 940, and *Pace* v. *Ficklin,* 76 Va. 292.

Our conclusion, therefore, is to dismiss the writ of error.

*Dismissed.*