HENRIETTA DEBOER, Appellant, v.
ERNEST FATTOR, Respondent.

No. 3930

December 12, 1956      304 P.2d 958

(Petition for rehearing denied February 7, 1957.)

*John W. Barrett* and *John E. Gabrielli,* both of Reno,
for Appellant.

*Woodburn, Forman, Wedge, Blakey and Thompson,* of
Reno, for Respondent.

# OPINION

By the Court, BADT, J.:

This appeal presents for our determination the question whether plaintiff's action was commenced within the statutory two-year limitation on an action for damages caused by the defendant's wrongful act. Section 8524, N.C.L.1929, as amended, Stats. 1951, 247. In 1944 this court, construing sec. 8573, N.C.L., providing that civil actions are commenced "by the filing of a complaint with the clerk of the court, and the issuance of a summons thereon", concluded "that the word 'issuance' * * * means not only the act of signing the summons and the placing of the seal thereon, but also delivery to the sheriff or other person qualified to serve same, with the intent that said summons be served in due course." Woodstock v. Whitaker, 62 Nev. 224, 146 P.2d 779, 780.

The personal injuries occurred May 22, 1952, and the cause of action would, accordingly, be barred after May 22, 1954. The complaint was filed May 12, 1954, on which date the clerk signed and sealed the summons and handed it to plaintiff's attorney, who in turn delivered it to the sheriff for service August 9, 1954.

Appellant contends that the rule under sec. 8573 and applied in Woodstock v. Whitaker has been superseded and changed by Rules 3 and 4(a) of the Nevada Rules of Civil Procedure which became effective January 1, 1953. Respondent insists that the Rules of Civil Procedure expressly adopt and require adherence to Woodstock v. Whitaker.

We turn to the rules and note first Rule 1: "These rules govern the procedure in the district courts in all suits of a civil nature * * *. They shall be construed to secure the just, *speedy,* and inexpensive determination of every action." (Emphasis supplied.)

Chapter II is entitled in part "Commencement of action; service of process", and Rule 3 thereunder is entitled "Commencement of action" and reads: "A civil

action is commenced by filing a complaint with the court, and the issuance of a summons thereon."

The notes of the "Advisory Committee to the Supreme Court of Nevada, on Rules of Civil Procedure", remark that the rules are modelled after, and numbered in accordance with, the Federal Rules of Civil Procedure and comment on Rule 3 as follows: "Rule 3. Commencement of action. The federal rule is revised to add the requirement of issuance of summons in order that an action be commenced. This preserves the present Nevada rule. Cf. sec. 8573 N.C.L. 1929."

"Rule 4. Process (a) Summons: Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service. Upon request of the plaintiff separate or additional summons shall issue against any defendants."

The Advisory Committee's notes as to Rule 4(a) read: "Summons: Issuance. The federal rule is revised to delete the phrase providing that the summons shall be delivered 'to the marshal or to a person specially appointed to serve it.' As at present, the summons may be delivered to plaintiff's attorney or to whomever he designates."

The parties appear to be in accord on two things, first, that the Advisory Committee's notes should be considered as an expression by this court, and, secondly, that the Committee's reference to preserving "the present Nevada rule" means the rule as applied in Woodstock v. Whitaker.

Appellant's contention is that, reading and considering Rules 3 and 4(a) together, Yudin v. Carroll, 57 F.Supp. 793, we have the following result: A civil action is commenced by filing a complaint with the court, the issuance of a summons thereon, and the delivery of the summons by the clerk for service, which delivery may be made to the plaintiff's attorney or to whomever he designates. As such was done on May 12, 1954, ten days before the

running of the statute of limitations in the instant case, the action was commenced within the statutory limitation. Appellant submits further that if such be not clearly the case, then the Advisory Committee's note, with regard to Rule 4(a), conflicts with its note regarding Rule 3; that the matter is left in a state of uncertainty; that the situation is simply a trap for the unwary; that this is illustrated and emphasized by the facts in the instant case in which plaintiff's attorney, on May 12, 1954, the date of his receipt of summons from the clerk, called on the sheriff with the summons, explained that the only address of the defendant known to the plaintiff was a Reno post-office box number, and returned to his office with the summons still in his possession; that if we should hold under Rules 3 and 4(a) and under Woodstock v. Whitaker and under the Advisory Committee's notes that "issuance" of the summons was thereby not effected and that the action had, accordingly, not been commenced, we should be holding and adhering to the necessity of actual delivery to the sheriff for service simply to satisfy a rule and not to accomplish service. Appellant argues that such conclusion is unnecessary, unreasonable and unwarranted. The argument is not without appeal, but our consideration of the provisions of sec. 8573, N.C.L.1929, the construction placed thereon by this court in Woodstock v. Whitaker, thus establishing the rule in this state, and the clear intention of N.R.C.P. to preserve that rule leave us with no other alternative than to hold that a summons is not issued, and an action, accordingly, not commenced until the summons is placed in the hands of the sheriff, or other person authorized to serve it,[1] with the intention that it be served in due course. This conclusion results from a combination of factors. First, the intention of N.R.C.P., as specifically stated by the Advisory Committee's notes, is "to preserve the present Nevada rule"; second, such

---

[1]Service may not be made by plaintiff's attorney. Nevada Cornell Silver Mines v. Hankins, 51 Nev. 420, 279 P. 27.

rule is the rule enunciated in Woodstock v. Whitaker—that "issuance" of summons requires delivery to the sheriff or other person qualified to serve it with the intent that it be served in due course; third, that delivery of summons for service is now expressly required by Rule 4(a)[2]; fourth, that, though it was contended in Woodstock v. Whitaker that the 1915 amendment of sec. 8573 eliminated the requirement of delivery of summons to the sheriff for service, which requirement was included in the 1911 statute, and that, therefore, such delivery was no longer required, this court rejected the contention, holding that the provision as originally contained in the 1911 statute was merely declaratory of the common law and that the amendment did not repeal the common law rule, but left it more clearly in force.

We are of the opinion that the Nevada Rules of Civil Procedure imbed more firmly than ever the rule enunciated in Woodstock v. Whitaker.

---

[2]The possible dual sense of the word "issue" in Rule 4(a) may be unfortunate in view of the fact that our entire decision turns upon the Woodstock definition of the meaning of the word "issuance". This, however, does not logically affect the result, as the picture made by the words is clear. It might seem that first to issue a summons and then to deliver it for service is a contradiction in terms, if there is no issuance until it is actually placed in the hands of the sheriff for such service. The clerk invariably signs and seals the summons and hands it to plaintiff's attorney who places it in the hands of the sheriff (or other qualified person) for service. The rule does indeed refer to such signing, sealing and delivery to plaintiff's attorney as "issuing" it. The Advisory Committee's notes say : "As at present, the summons may be delivered to plaintiff's attorney or to whomever he designates." If "issue" has such a dual meaning under Rule 4(a), when considered in connection with Rule 3, there is still no confusion in understanding the requirement that the clerk shall sign and seal the summons which may then be placed in the hands of plaintiff's attorney, who, as under the former practice, will attach it to a copy of the complaint, Rule 4(d), and hand it to the sheriff for service. Thereupon the summons is "issued" and the action, accordingly, commenced.

Indeed, the use of the terms "issue", "issuing" and "cause to be issued", as used in N.C.L. sec. 8574 and as compared with the use of the word "issuance" in sec. 8573, N.C.L., would seem to indicate a like dual use of the term. Yet this court was not confused thereby in Woodstock v. Whitaker.

We must dispose of one further contention. Appellant contends that Woodstock v. Whitaker definitely recognized two rules regarding the meaning of the term "issuance", one, as above stated, requiring the summons to be placed in the hands of one qualified to serve it in order to complete issuance, "and the other deeming issuance complete where delivery is made *to a party* (emphasis supplied) with the intent that the summons be by him delivered to some one authorized to serve it."

Such so-called second "class" of cases, and any reliance thereon, was entirely unnecessary to the decision. The first positive holding that "issuance" included the necessary delivery to the sheriff, or other qualified person, for service, followed by the repeated holding at the end of the opinion that the action "was commenced May 21, 1942, because that was the date the summons was placed in the hands of the sheriff for service", definitely indicates the real holding in the case. That the decision may be further fortified for other reasons does not, in our opinion, weaken that holding.[3] The contention that the delivery of the signed and sealed summons by the clerk to plaintiff's attorney constituted an issuance of the summons, and, therefore, a commencement of the action, under the so-called second class of cases, is rejected.

[3]Of the 16 cases and one text cited by the court and followed by the statement that such cases "may be divided into two classes", one dealt with publication of summons and one dealt with a dictionary definition and may be put aside. Of the remaining cases ten held to the positive rule requiring delivery to the sheriff or other qualified person for service. The other three permitted a slight variation, such as requiring delivery or that the summons be "put on way of delivery" to the officer for purpose of service, "or to some one for him" or to some one to give to an officer for the purpose of being served. The one text citation is to 37 C.J. 1055, Limitations of Actions, sec. 481, where the rule is stated to be that the writ is not sued out "until it is delivered, or put in course of delivery, to a proper officer, with a bona fide intent to have the same served." Only one jurisdiction (Illinois) is cited as holding delivery to the sheriff not to be required—and that by a divided court. Schroeder v. Merchants etc. Co., 104 Ill. 71.

As the action was commenced after the bar of the statute of limitations had become effective, the order for summary judgment was proper.

Judgment affirmed.

MERRILL, C. J., concurring:

I concur, but under the circumstances of this case, feel that an apologetic footnote might well be added.

In the light of the explanatory note to Rule 4(a) N.R. C.P., that rule would seem to me to be wholly inconsistent with Woodstock v. Whitaker, appearing to provide that delivery to an attorney for a party may constitute effective "delivery for service." It may, then, be contended that we are saying to those who attempt to follow our Rules of Civil Procedure, "Do not do what we say. Rather, do what we meant to say." It may be a pertinent inquiry whether we have not, through our Rules of Civil Procedure, laid a trap for the trusting attorney.

However, should such an attorney do what we "say" (that is follow N.R.C.P. without regard to the explanatory notes) he would not be misled. Rule 3 must still be read in the light of Woodstock v. Whitaker. Rule 4(a) would not necessarily be inconsistent. It is only when one turns to the notes that the inconsistency of Rule 4(a) with Woodstock v. Whitaker becomes apparent. However, those very notes demonstrate clearly the intent that Woodstock v. Whitaker—"the present Nevada rule" —be continued in effect.

Rule 4(a) it is true in the light of the notes is unfortunately expressed with resultant confusion and inconsistency but it can hardly in good sense be construed to repeal the very rule which so clearly we intended to preserve.

Failure to comply with the rule of Woodstock v. Whitaker cannot, then, be attributed to the language in which Rule 4(a) or its explanatory note is expressed. It can only be attributed to unawareness that the rule of that case was the present Nevada rule.

We cannot, of course, condone a disregard of our case

law nor be persuaded into a change of rule solely through sympathy with those who may have overlooked it in a particular case. Moreover, I feel it doubtful that change of rule should be by court decision where such rule has expressly or by clear implication found its way into N.R.C.P. and modification with notice is available by the method we have there prescribed.

EATHER, J., dissenting:

I dissent. I would hold that suit had been commenced within the statutory period; that summary judgment should be set aside and the matter remanded for further proceedings.

As was recently stated in Lewis v. Neblett, ....Cal. App.2d...., 302 P.2d 859, 863, "Statutes of limitation are 'intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof'." (Citing Neff v. New York Life Insurance Co., 30 Cal.2d. 165, 180 P.2d 900, 171 A.L.R. 563.)

In the case at bar it cannot be said that appellant has been neglectful of his rights or failed to use reasonable or proper diligence. On the contrary, as concerns service of process, the record demonstrates the utmost good faith in attempts to make prompt service. After receiving summons from the clerk, appellant's counsel (1) conferred with the sheriff with reference to service and did not deliver summons to the sheriff for the reason that counsel did not know where the defendant might be served; (2) checked the Reno police department report of the collision out of which the cause of action arose; (3) made further inquiry at the Reno police station as to the address or whereabouts of the defendant; (4) checked the records of the safety responsibility division of the Nevada Public Service Commission; (5) checked the Reno telephone directory; (6) checked the Reno city directory; (7) made inquiry from the defendant's attorney; (8) when the defendant's whereabouts were learned, accomplished service forthwith.

All that precludes recognition of this diligence is the rule, announced by this court in Nevada Cornell Silver Mines, Inc. v. Hankins, 51 Nev. 420, 279 P. 27, 32, to the effect that the attorney for the plaintiff is not a person authorized to make service of process. This court was divided in that case, Mr. Justice DUCKER dissenting from the majority opinion. In his dissenting opinion he emphasized that the applicable section of the civil practice act made no prohibition against service of process by counsel; that such prohibition must be found in the common law. He referred to First National Bank of Whitewater v. Estenson, 68 Minn. 28, 70 N.W. 775, stating, "The court pointed out that the same reasons of public policy which moved the legislature to deny such authority to a party to an action do not apply to the same extent to an attorney who is an officer of the court, and answerable to it for fraud or misconduct in the premises."

It is my opinion that the majority of this court in that case was in error and that such error should now be corrected and the dissenting opinion recognized to be the rule of this state.

In the case at bar, delivery of summons to the attorney for the plaintiff should be held to constitute effective delivery to a person authorized to make service and thus complete the requirement of issuance of summons under Woodstock v. Whitaker.