ROOSEVELT DAWSON

*v.*

CANTEEN CORP., *a corp., and* CONTINENTAL BAKING CO.,

*a corp.*

(No. 13476)

Decided February 25, 1975.

*Patrick S. Cassidy, Bogarad & Robertson, Martin S. Bogarad, Myron E. Ranelin, Jr.* for appellant.

*Bachmann, Hess, Bachmann & Garden, Gilbert S. Bachmann and Lester C. Hess, Jr.* for Continental Baking Co.

NEELY, JUSTICE:

For many years West Virginians suffering injuries as the result of defective products have been unable to recover against defendant manufacturers, wholesalers, or retailers for breach of warranty unless they stood in privity of contract with the defendant. At the same time West Virginia manufacturers, wholesalers and retailers selling products nationally have been exposed to extensive liability for defective products manufactured in this State and sold elsewhere because the majority of American jurisdictions have abolished privity as a requirement in warranty actions.

The case before us provides an opportunity for the Court to correct this anomalous situation and to bring West Virginia law into harmony with the clear weight of modern American authority.[1] Accordingly the requirement of privity of contract in actions grounded in breach of express or implied warranty is abolished in West Virginia and the holding in the case of *Williams v. Chrysler Corp.*, 148 W. Va. 655, 137 S.E.2d 225 (1964) and the cases upon which it relied are expressly overruled where inconsistent with the holding in this case.[2]

---

[1] The writer wishes to acknowledge his debt to Professor Thomas C. Cady for his excellent law review article. "Law of Products Liability in West Virginia," 74 *W. Va. L. Rev.* 283 (1972).

[2] The holding in *Payne v. Valley Motor Sales, Inc.*, 146 W. Va. 1063, 124 S.E.2d 622 (1962), another decision commonly cited as precedent in West Virginia cases dealing with warranty issues, also has been substantially limited. Passage of the Consumer Protection Act, *Code, W. Va.* 46A-1-101 *et seq.* [1974] restricted the *Payne*

The plaintiff, Roosevelt Dawson, was working for the Wheeling-Pittsburgh Steel Corporation on July 12, 1970, when he purchased from a vending machine a cheeseburger prepared on a bun containing mice feces. The bun had been baked by defendant, Continental Baking Company. Plaintiff brought his action in the Circuit Court of Brooke County, West Virginia, against defendants Canteen Corporation and Continental alleging that "The plaintiff has suffered as a proximate result of the defendants' conduct acute food poisoning with Gastroenteritis. The defendants impliedly warrant the cheeseburger including the bun that plaintiff purchased, said implied warranty was that the cheeseburger and bun was fit for human consumption." Plaintiff alleged that he suffered nausea, vomiting, and diarrhea; that he remained ill for over a month as a proximate result of eating the contaminated cheeseburger; that he expended money for medical care; and, that he lost a month's wages from his regular employment.

Canteen Corporation moved to dismiss the action as to itself because Canteen did not operate the vending machine but rather leased it to Canteen of Ohio Valley, and the court granted that motion to dismiss. The lower court's dismissal of Canteen is not challenged on appeal.

---

decision which stated in syllabus point 1 that "[e]ffect will be given to an express warranty as written where it specifically excludes implied warranties and limits amount of damages." But *W. Va. Code*, 46A-6-107 [1974], now provides:

"Notwithstanding any other provision of law to the contrary with respect to goods which are the subject of or are intended to become the subject of a consumer transaction, no merchant shall:

(1) Exclude, modify or otherwise attempt to limit any warranty, express or implied, including the warranties of merchantability and fitness for a particular purpose; or

(2) Exclude, modify or attempt to limit any remedy provided by law, including the measure of damages available, for breach of warranty, express or implied.

Any such exclusion, modification or attempted limitation shall be void."

Continental Baking Company also filed a motion to dismiss on the grounds that there was no contract privity between Continental Baking and the plaintiff. This motion to dismiss for lack of privity was granted based upon pretrial stipulations. It is the dismissal for lack of privity which is squarely challenged by plaintiff on this appeal.

I

The requirement of privity of contract in warranty actions in West Virginia began to erode with the passage of the *Uniform Commercial Code. W. Va. Code*, 46-2-318 [1963] eliminated the privity of contract requirement for warranty actions in what is known as the "horizontal" chain of users. That section says:

> "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

This process of statutory erosion of the common law doctrine continued with the passage of the "West Virginia Consumer Credit and Protection Act," Chapter 12, *Acts of the Legislature*, Regular Session, 1974, which eliminated the requirement of privity in the "vertical" chain of distribution for *consumer* transactions. The pertinent part of that chapter, now *W. Va. Code*, 46A-6-108 [1974], provides:

> "Notwithstanding any other provision of law to the contrary, no action by a consumer for breach of warranty or for negligence with respect to goods subject to a consumer transaction shall fail because of a lack of privity between the consumer and the party against whom the claim is made. An action against any person for breach of warranty or for negligence with respect to goods subject to a consumer transaction shall not of

itself constitute a bar to the bringing of an action against another person."

It appears to this Court that it is not only the clear trend of the common law as articulated in other jurisdictions, but also the trend of modern legislation in West Virginia to recognize the problems inherent in complex, modern commerce concerning mass production, mass distribution, and mass demand generated through nation-wide advertising, and therefore, to provide functional rather than arbitrary rules for recovery in warranty. Volumes of commentary have been written elsewhere in this regard since *MacPherson v. Buick Motor Company*, 217 N. Y. 382, 111 N.E. 1050 (1916) and its landmark successor *Henningsen v. Bloomfield Motors, Inc.*, 32 N.J. 358, 161 A.2d 69 (1960), and there is little point in retracing those well-worn tracks here.[3] It is sufficient merely to hold that lack of privity alone is no longer a defense to a warranty action in West Virginia.

## II

The defendant, Continental Baking Company, moved to dismiss the appeal in this Court upon the grounds that the plaintiff failed to post a nominal bond within two months from the date the appeal was allowed as provided by *W. Va. Code*, 58-5-16 [1923]. It appears that counsel for plaintiff and the attorney in fact for Travelers Insurance Company executed a bond in blank and gave it to the clerk of the Circuit Court of Brooke County, at which time the circuit clerk certified that the bond was "signed, sealed, acknowledged, and sworn to before me, and approved as sufficient, this 27th day of June, 1974." The court concludes that the appellant reasonably expected the clerk to fill in the conditions of the bond and that the penal amount and the conditions of forfeiture were implied either by order of this court in setting the bond or by statute, *W. Va. Code*, 58-5-14 [1945]. Under these circumstances the Court finds that there was substantial compliance in giving the bond,

---

[3] For an interesting non-technical history of the development of products liability law, *see* J.E. Maslow, "Products Liability Comes of Age," *Juris Doctor*. (January 1975) p. 26.

*State ex rel. County Court of Pleasants County v. Anderson*, 140 W. Va. 827, 87 S.E.2d 249 (1955) and, therefore, the motion to dismiss is denied.

For the reasons assigned, the judgment of the Circuit Court of Brooke County is reversed and the case is remanded for a new trial with instructions to grant plaintiff leave to amend his complaint, if necessary, to allege such facts and circumstances as will permit him to maintain an action for breach of warranty.

*Reversed and remanded with instructions.*