DANIEL STEVENS *and* MAXINE STEVENS

*v.*

ROBERT SAUNDERS

(No. 13568)

Decided December 9, 1975.

*Ross Maruka, Frank C. Mascara* for appellants.

*Herschel Rose and Duane Southern* for appellee.

BERRY, JUSTICE:

Daniel Stevens and Maxine Stevens, the plaintiffs in a personal injury action in the Circuit Court of Grant County, appeal the judgment of that court dismissing their action on the ground that it was not properly commenced within the appropriate statutory period of limitations of two years.

On August 22, 1970, Daniel Stevens and Maxine Stevens, then husband and wife and residents of Marion County, West Virginia, were involved in an auto collision while traveling on U.S. Route 50 in Grant County, West Virginia. The collision occurred between the vehicle which was being driven by Daniel Stevens and in which Mrs. Stevens was a passenger, and another automobile which was owned and operated by Robert M. Saunders. At the time of the accident Saunders was a resident of Washington, D.C.

On August 21, 1972, the appellants filed a civil complaint in the Circuit Court of Grant County alleging that the negligence of Robert Saunders was the proximate cause of the auto collision and the resultant injuries. The complaint was filed by the appellants' attorney, Frank C. Mascara, who is a resident of and regularly practices law in Marion County, West Virginia. On the day of the filing of the complaint, Mr. Mascara personally went to the office of the clerk of the Circuit Court of Grant County and presented to the clerk of that court an original and two copies of the complaint, a memorandum for the issuance of a summons, three copies of a pre-prepared summons and the clerk's filing fee. In addition, the appellants' attorney had made arrangements for an agent of the Western Surety Company to be present to execute a statutory cost bond in the amount of $100.00 as required by *Code*, 56-3-31(a), as amended. The clerk filed the complaint and endorsed the summons with the date August 21, 1972. However, because the clerk was unable to obtain or prepare a bond form, no bond was executed. Instead, the clerk instructed the

appellants' attorney to obtain the requisite form, have it executed and send it back to him by mail.

On August 22, 1972, Mr. Mascara prepared the bond and it was executed in Marion County by the appellants and their surety. On that date the bond was mailed to the clerk of the Circuit Court of Grant County for filing. On August 24, 1972, the bond was received by the clerk of the Grant County Circuit Court and marked "approved." In addition, the clerk endorsed the summons with his certification that the $100.00 bond had been given in accordance with *Code*, 56-3-31(a), as amended. The certification is dated the 24th day of August, 1972. Apparently on or shortly after this date, the clerk forwarded copies of the summons and complaint to the State Auditor as agent for the non-resident motorist. On August 28, 1972, the Auditor accepted service on behalf of the non-resident motorist.

After some delay, apparently occasioned by difficulties in discovering the appellee's proper address, on February 10, 1973, Robert Saunders received a copy of the summons and complaint by registered mail from the State Auditor's office. On February 24, 1973, the appellee filed a motion to dismiss and an answer, assigning as grounds for the motion and as an affirmative defense the alleged failure of the appellants to commence their action within the two year period of limitation. Following evidentiary hearings to develop the facts surrounding the filing of the complaint and bond and the issuance of the summons, the circuit court on March 14, 1974, granted the motion to dismiss, ruling that the "... plaintiffs failed to comply with the requirement of posting the statutory bond as required by law within the limitations period of Two (2) years from the date on which the Plaintiffs' claim accrued."

The only issue presented for discussion here is whether the action was barred by the statute of limitations. The statute of limitations in West Virginia applicable to the case at bar is two years. *Code*, 55-2-12, as amended.

Initially, it is necessary to ascertain when the action was instituted or commenced. Rule 3 of the West Virginia Rules of Civil Procedure is dispositive of this question. The Rule reads as follows:

"A civil action is commenced by filing a complaint with the court and the issuance of a summons or the entry of an order of publication."

The timely and proper filing of the complaint and issuance of a summons would toll the statute of limitations. However, in the instance of an action under the non-resident motorist statute, Rule 3 must be read *in pari materia* with *Code*, 56-3-31(a), as amended, which provides in relevant part:

"At the time of filing a complaint *and before a summons is issued thereon, the plaintiff, or someone for him, shall execute a bond* in the sum of one hundred dollars before the clerk of the court, with surety to be approved by said clerk, conditioned that on failure of the plaintiff to prevail in the action that he will reimburse the defendant, or cause him to be reimbursed, the necessary expense incurred by him in and about the defense of the action in this State, . . . ." [Emphasis supplied].

So, in an action involving a non-resident motorist no summons may be issued until a cost bond is executed before the clerk.

In the present case, the bond, which was executed in Marion County, was tendered to the clerk on August 24, 1972, after the statute of limitations had run. As a matter of law, the summons could not have been properly issued within the limitation period.

The statutes of limitation are statutes of repose and the legislative purpose in enacting such statutes is to compel the exercise of a right of action within a reasonable time. *Humble Oil and Refining Company v. Lane*, 152 W. Va. 578, 165 S.E.2d 379 (1969). Such statutes represent a statement of public policy with regard to the

privilege to litigate and are a valid and constitutional exercise of the legislative power. *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 89 L.Ed. 1628, 65 S.Ct. 1137 (1945); *Vance v. Vance*, 108 U.S. 514, 27 L.Ed. 808, 2 S.Ct. 854 (1883). It should also be noted the *Code*, 56-3-31, as amended, is in derogation of common law in allowing the summons to be served upon the Auditor in an action against a non-resident defendant and therefore must be strictly adhered to in accordance with its clear and unambiguous terms. *Crawford v. Carson*, 138 W. Va. 852, 78 S.E.2d 268 (1953); *Mollohan v. North Side Cheese Co.*, 144 W. Va. 215, 107 S.E.2d 372 (1959). Similarly, this Court has said on numerous occasions that statutes which require the giving of bond as a prerequisite to the prosecution of an appeal are strictly construed and their requirements are mandatory and jurisdictional. An untimely filing of such a bond dictates the dismissal of a case. *Scott v. Coal and Coke Ry. Co.*, 70 W. Va. 777, 74 S.E. 992 (1912). *See also, Hudgins v. Crowder and Freeman, Inc.*, W. Va., 191 S.E.2d 443 (1972); *Gaines v. Hawkins*, 153 W. Va. 471, 170 S.E.2d 676 (1969).

It is the contention of the appellant that the action was commenced on August 21, 1972, the date on which the clerk of the Circuit Court of Grant County signed the summons, and which was within the two year period of the statute of limitations.

The mere signing of a summons does not, by itself, constitute its issuance. It is a fundamental rule of law that process is not issued until the summons is sent from the clerk's office under his direction, sanction and authority for the purpose of service. *Nicholas Land Company v. Crowder*, 127 W. Va. 216, 32 S.E.2d 563 (1944); *Webster v. Sharpe*, 116 N.C. 466, 21 S.E. 912 (1895); *Deboer v. Fattor*, 72 Nev. 316, 304 P.2d 958 (1956); *McIntosh v. Standard Oil Co.*, 121 Neb. 92, 236 N.W. 152 (1931); *Snell v. Knowles*, 87 S.W.2d 871 (Tex. Civ. App. 1935). This general rule is summarized at 62 Am. Jur. 2d *Process* §5 (1972), as follows:

"Where the clerk of the court is charged with the issuance of process, process can be said to be issued only where it is sent forth from the clerk's office under his sanction and authority and delivered to an officer or to someone else ... in order that it may be served. Indeed, it is said to be the prevailing rule that the issuance of a summons is not complete until it is prepared by the clerk and delivered to the officer or person authorized to serve it, with the intention of having it served."

In *Webster v. Sharpe, supra,* a case which involved circumstances quite similar to those before us here, it was held that where a summons was executed but held by the clerk pending the giving of a prosecution bond, such action by the clerk did not constitute issuance of the summons. In that case the court stated:

"If the clerk delivers it [the summons] to the Sheriff to be served, it is then issued; or if the clerk delivers it to the plaintiff, or someone else, ... this is an issuance of the summons. ... [A] summons simply filled up and lying in the office of an attorney, would not constitute an issuing of the summons .... Nor would the fact that a summons was filled up and held by the clerk for a prosecution bond ... constitute the issuing of a summons, until the bond is given, or at least until it goes out by consent of the clerk for the purpose of being served on the defendant."
*Id.,* 116 N.C. at 471-472, 21 S.E. at 914.

The appellants advance the proposition that Rule 4(a) of the West Virginia Rules of Civil Procedure distinguishes and describes separate acts of issuance of summons and delivery for service, thus indicating by implication that the only act by the clerk necessary to accomplish the issuance of a summons is the execution. Rule 4(a) reads in part as follows:

"*Summons: Issuance.* Upon the filing of the complaint, the clerk shall forthwith issue a sum-

mons and deliver it for service to the sheriff or as otherwise directed by the plaintiff."

This rule is worded differently than the Federal Rule after which it was modeled to reflect a difference between Federal and State practice existing before the adoption of the West Virginia Rules. In prior West Virginia practice, it was permissible under *Code*, 56-3-6, as amended, to do something which is not allowed under Federal Rule 4(a), that is, to have process served by a credible person selected by the plaintiff or his attorney. The West Virginia Rule continues this former West Virginia practice. Lugar & Silverstein, *W. Va. Rules*, 41 (1960). In the case of *Deboer v. Fattor, supra,* which examined procedural rules virtually identical to the West Virginia Rules of Civil Procedure, it was held that "issuance" of the summons under Rules 3 and 4(a) of the Nevada Rules of Civil Procedure required that the summons be delivered to a person authorized to serve it before the commencement of an action was effected. The Nevada court specifically commented on the interrelationship between Rules 3 and 4(a) regarding the definition of "issue":

> "If 'issue' has such a dual meaning under Rule 4(a) when considered in connection with Rule 3, there is still no confusion in understanding the requirement that the clerk shall sign and seal the summons which may then be placed in the hands of plaintiff's attorney, who, as under the former practice, will attach it to a copy of the complaint, Rule 4(d), and hand it to the sheriff for service. Thereupon the summons is 'issued' and the action, accordingly, commenced."
> *Id.* n.2, 72 Nev. at 320, 304 P.2d at 960.

We conclude that the language of Rule 4(a) was not intended to change the general rule governing what acts constitute an issuance; instead, the object was to recognize the permissible practice of service by one other than the sheriff.

Applying the principles outlined above to the particular facts before the Court, we conclude that the sum-

mons was issued below when the clerk of the Circuit Court of Grant County sent it out to the Auditor. The record shows this event to have occurred on or after August 24, 1972. Since the last day for commencement of the action within the statute of limitations was August 22, 1972, it is clear that the summons was not issued within the requisite time period.

The appellants call the Court's attention to the rule articulated in *State ex rel. Smith v. Bosworth*, 145 W. Va. 753, 117 S.E.2d 610 (1960) that; "A summons commencing a proceeding, even though defective or void, operates to bring into existence the proceeding in which it is issued." The argument, by inference, is that even though the summons may have been improperly issued because of the appellants' failure to post a cost bond, this fact merely renders the summons void and has no operational effect on the timely commencement of the action. This reasoning begs the basic question, which we have treated above, of what act in the context of the statute of limitations constitutes an issuance. Quite simply, in the present case the issuance occurred subsequent to the expiration of the period of limitations and, therefore, whether the summons was void has no bearing on our consideration. *Compare, Keener v. Reynolds Transportation Co.*, 134 W. Va. 712, 61 S.E.2d 629 (1950); *McClung v. Tieche*, 126 W. Va. 575, 29 S.E.2d 250 (1944); *Hall v. Guarantee Corp.*, 122 W. Va. 188, 9 S.E.2d 45 (1940). We do not decide what the result would be if, in fact, the summons had been issued in a timely fashion before a proper bond was given.

The final argument made by the appellants is that it was the duty of the circuit clerk to provide a proper bond and that his failure to do so should not inure to their detriment. In support of this proposition, the appellants cite *Code*, 51-4-6, which states: "Every clerk shall prepare in a proper manner any bond to be taken by or given before him or his court or the judge thereof in vacation." This argument ignores the fact that *Code*, 56-3-31(a), as amended, imposes on the *plaintiff*, or someone acting on his behalf, the duty to give a cost bond as

a condition precedent to the commencement of an action under the statute. In addition, it is a well established rule that the plaintiff or his attorney bears the responsibility to see that an action is properly instituted and that bonds are properly filed. *See, Gaines v. Hawkins*, 153 W. Va. 471, 170 S.E.2d 676 (1969). The obligation of counsel for the plaintiff to attend to the various procedural steps incident to the initiation of an action is acknowledged in Lugar & Silverstein, W. Va. Rules, at 33-34 (1960):

> "In the West Virginia Rule it is intended that the statute of limitations or the period of laches cease [sic] to run only when the summons is issued or the order of publication entered. *Hence the plaintiff's attorney should see that one of these things is done.*
>
> * * *
>
> "Once the summons has been issued, Rule 4(a) or 4(e) prescribes the next step, *but it is up to the plaintiff's attorney to see that the summons is properly served under Rule 4(d), or that the order of publication is properly carried out under Rule 4(e).*" [Emphasis supplied].

A case in point is *Netermyer v. Henley*, 205 F. Supp. 734 (N.D. Ind. 1962), a federal diversity action for personal injuries. In that case, the complaint was filed within the prescribed period but the deputy clerk failed to issue a summons until after the statute of limitations had run. The court applied the state law of Indiana and dismissed the action holding that the plaintiff had the duty of seeing that the action was properly instituted and commenced in a timely manner.

It would have been a simple matter for the plaintiffs by their counsel to have given the statutory bond for cost when the complaint was filed in the office of the clerk of the Circuit Court of Grant County. A short written cost bond could have been prepared and signed by the attorney for plaintiffs, *see, Dawson v. Canteen Corp.*, ____ W. Va. ____, 212 S.E.2d 82 (1975), or a cash bond could have been given at that time. Neither was at-

tempted to be done; instead, counsel returned to Fairmont to obtain a bond form as suggested by the clerk of the Circuit Court of Grant County. Under these circumstances, we conclude that the court below properly dismissed the appellants' action as untimely commenced.

For the reason stated herein, the judgment of the Circuit Court of Grant County is affirmed.

*Affirmed.*

HADEN, CHIEF JUSTICE, *dissenting:*

I respectfully dissent to the opinion of the majority on two bases.

On the penultimate day before the statute of limitations expired his clients' claims, Attorney Mascara traveled from Fairmont, Marion County to Petersburg, Grant County and made proper tender of all that the law requires of one who wishes to commence a civil action against a nonresident motorist. The circuit clerk who received the tender filed the complaint and endorsed the summons with the date August 21, 1972. "However, because the clerk [the public official charged with the ministerial duties incident to the commencement of a civil action] was unable to obtain or prepare a bond form, no bond was executed." (Majority opinion, *supra*, at page   ). On the final day before the statute of limitations expired his clients' claims, Attorney Mascara prepared a bond, had it executed in Marion County by the appellants and their surety and mailed it to the clerk in Grant County. On these facts and in view of the West Virginia law, I cannot understand the basis for the decision of the majority.

*W. Va. Const.*, Art. III, §17 requires that the courts shall be open to every person for redress or injury to his person or property. While the courts and the Legislature may regulate reasonably the exercise of the constitutional right by establishing statutes of limitations and by promulgating rules regarding institution of civil actions, this Court should not construct technical reasons

for the denial of a basic privilege or right. This is particularly so in view of this Court's recent and forceful holding in the case of *Roe v. M & R Pipeliners, Inc.*, W. Va., 202 S.E.2d 816 (1973) which is a no-nonsense statement that a public official is presumed to have done and executed those ministerial duties and responsibilities placed upon him by the statutes governing his public office. The only failings in this particular case which worked to the detriment of the appellants and barred them from access to the courts were failings of the circuit clerk. Accordingly, it is the opinion of this writer that the Stevens' civil action was properly instituted and seasonably commenced. To the contrary, the majority's holding clearly implies that counsel must henceforth not only do all that the law requires of him to institute the civil action, but also see to it that the clerk does all that the law requires of that office before it can be presumed safely that an action has been commenced within the meaning of the law. The decision of *Gaines v. Hawkins*, 153 W. Va. 471, 170 S.E.2d 676 (1969) and like cases, bearing upon bond requirements to perfect an appeal to this Court, does not furnish authority for the proposition adopted by the majority.

Secondly, I disagree with the opinion of the majority implying that an action is not seasonably commenced until it is filed properly with the clerk *and then transmitted with summons into the hands of the sheriff or other credible person, who is to serve the pleadings, or into the hands of the auditor, who is to accept service of the pleadings on behalf of a nonresident or other person for whom the auditor has been appointed statutory attorney*. It appears to me that this latter part of the Court's holding is perhaps the most startling and most dangerous for litigants and their counsel. It places an additional duty upon litigants and counsel to follow the incipient lawsuit into the hands of the process server or acceptor before the action will be presumed to have matured into the category of "instituted and commenced" within the meaning of the law. In the near future, I believe the majority will find it necessary to disapprove or overrule

this conclusion, or to repromulgate and clarify *Rules* 3 and 4 of the *W. Va. R.C.P.*

The majority's decision does not comport with the spirit of the *Rules* or its own recent decisions as exemplified by the *Roe* case.

NEELY, JUSTICE, *dissenting:*

I must respectfully dissent from the majority holding in this case based upon my view regarding frivolous procedural technicalities, particularly when a litigant is penalized because of an error of a lawyer which in no way goes to the merits of the case or causes prejudice to the other side, as expressed in my opinions in *Rosier v. Garron, Inc.,* W. Va., 199 S.E.2d 50 (1973); *Roe v. M & R Pipeliners, Inc.,* W. Va., 202 S.E.2d 816 (1973); and *Dawson v. Canteen Corp.,* _____ W. Va. _____, 212 S.E.2d 82 (1975). Law should not be a game of "Mother may I!"

FLOWERS, JUSTICE, *concurring in part and dissenting in part:*

I concur in the result of the majority opinion only because the plain mandate of the nonresident motorist statute suspends "issuance" of a summons until bond is executed. This statute is in derogation of the common law and I am therefore obliged to construe it strictly. It provides that "before a summons is issued thereon, the plaintiff, ... shall execute a bond ...." The plaintiff did not execute the bond so that summons could issue before the statute had run.

I respectfully disagree, however, with that portion of the majority opinion which defines "issuance" of the summons as the act of the clerk in transmitting the summons from his office. This definition and the cases cited in support of it were appropriate under our prior practice. Our adoption of the current Rules of Civil Procedure, however, necessitate a redefinition of issuance. Rule 4(a) not only makes it mandatory for the clerk to

"forthwith issue a summons" when a complaint is filed, but in the conjunctive it commands the clerk also to "deliver it [the summons] for service .... " The rules have thus merged "filing" and "issuance" as the significant occurrence which will ordinarily toll the statute. "Delivery" is a required but separate event. To compel attorneys to supervise the performance of the clerk in making "the delivery" expands the burden on counsel unrealistically and is certainly in derrogation of our previous holdings to the effect that public officers may be presumed to discharge their duties. It seems we are saying that all the world is entitled to the presumption—except plaintiff's lawyer.