# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael A. Lanick III,**
**Plaintiff Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0207** (Harrison County 11-C-85)

**Amtower Auto Supply, Inc. and Amcox Dream Team, LLC**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Michael A. Lanick III, by counsel David P. Gaudio, appeals the Circuit Court of Harrison County's "Order Granting Motion to Dismiss" entered on January 13, 2012. Respondents Amtower Auto Supply, Inc. and Amcox Dream Team, LLC, by counsel Michael D. Crim and Sam H. Harrold III, argue in support of the dismissal order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 2, 2009, petitioner allegedly slipped and fell in a parking lot owned by respondents. Subsequently, petitioner instituted this personal injury lawsuit seeking damages. The Circuit Clerk of Harrison County stamped petitioner's complaint as being filed on March 3, 2011. Respondents moved to dismiss the action as being filed one day beyond the applicable two year statute of limitations set forth in West Virginia Code § 55-2-12(b). The circuit court granted the motion to dismiss with prejudice, concluding that the complaint was filed on March 3, which is beyond the limitations period.

Petitioner appeals the dismissal order to this Court. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Upon a de novo review of the record and careful consideration of the parties' arguments, we also conclude that the suit was untimely filed.

To support his argument that his complaint was timely, petitioner provided the circuit court with a copy of a mailing label showing that on February 28, 2011, his lawyer sent a United States Postal Service express mail package addressed to "Harrison County Circuit Clerk, 301 West Main St., Clarksburg WV 26301." Petitioner provided the circuit court with a Postal Service "Track & Confirm" report showing that mail bearing the same label number was

1

delivered to "Clarksburg" on March 1, 2011. Petitioner argues that this express mail package contained this complaint, it was timely delivered, and the circuit clerk must have committed a clerical error by not date-stamping the complaint until two days later.

However, we agree with the circuit court's conclusion that there is no evidence in the record of clerical error. Even assuming that the express mail did contain this complaint, the "Track & Confirm" report does not specify exactly where or to whom the mail was delivered. When sending the express mail, petitioner's counsel had waived the requirement of obtaining a signature upon delivery, thus no signature was obtained. Rule 5(e) of the West Virginia Rules of Civil Procedure explains that "[t]he filing of papers with the court" means "filing them with the clerk of the court[.]" Even if this mail was delivered to the county courthouse in Clarksburg on March 1, there is no evidence that the same was actually delivered to the circuit clerk.

We consider the facts of this case in light of the "strong presumption" that the circuit clerk's office discharged its duties in a regular and proper manner. "'The presumption that public officers discharge their duties in a regular and proper manner is a strong presumption compelled first by experience and second by society's interest in avoiding frivolous litigation over technicalities.' Syllabus point 2, *Roe v. M & R Pipeliners, Inc.*, 157 W.Va. 611, 202 S.E.2d 816 (1973)." Syl. Pt. 3, *Wright v. Myers*, 215 W.Va. 162, 165, 597 S.E.2d 295, 298 (2004) (applying this presumption to the consideration of a circuit clerk's act of date-stamping a complaint). We are also mindful that "[t]he plaintiff or his attorney bears the responsibility to see that an action is properly and timely instituted." Syl. Pt. 4, *Stevens v. Saunders*, 159 W.Va. 179, 220 S.E.2d 887 (1975), *superceded on other grounds as stated in Frantz v. Palmer*, 211 W.Va. 188, 564 S.E.2d 398 (2001).

Petitioner relies upon our per curiam opinion in *Wright*, where we reversed a dismissal order and remanded the case for further proceedings to determine whether a circuit clerk had committed error in date-stamping a complaint. However, in that case, the circuit clerk submitted an affidavit indicating that her office made a clerical error. There is no similar affidavit or evidence in the case sub judice. The evidence that petitioner has submitted is insufficient to overcome the strong presumption that the circuit clerk's office discharged its duties in a regular and proper manner.

As an additional basis for dismissal, the circuit court noted that the court file includes a civil case information statement that petitioner's counsel sent to the circuit clerk via facsimile transmission on March 3, 2011, at 5:16 p.m. The circuit court noted that pursuant to Syllabus Point 5 of *Cable v. Hatfield*, 202 W.Va. 638, 505 S.E.2d 701 (1998), a circuit clerk lacks authority to file a complaint not accompanied by a completed civil case information statement as required by Rule 3 of the West Virginia Rules of Civil Procedure. Accordingly, even if the complaint was received on March 1, under *Cable* it could not have been filed until the completed civil case information sheet was also received.[1]

---

[1] Petitioner argues that the circuit court never afforded him the opportunity to argue about the civil case information statement. Petitioner asserts that his lawyer did include this document in the express mail package, but then replaced it by facsimile on March 3. Resolution of this factual dispute is unnecessary for us to decide the appeal. Even assuming that petitioner did include a

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

completed civil information statement along with a mailed complaint, we have already concluded that the complaint itself was untimely filed on March 3.