# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William McKitrick and Amy McKitrick,**
**Plaintiffs Below, Petitioners**

**vs)  No. 13-0119** (Jefferson County 12-C-104)

**Chrysler Group, LLC,**
**Defendant Below, Respondent**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners William and Amy McKitrick, by counsel Stephen G. Skinner, appeal the summary judgment order entered by the Circuit Court of Jefferson County on January 8, 2013. Petitioners argue that they presented sufficient circumstantial evidence to survive summary judgment in their lawsuit asserting breach of a vehicle's warranty. Respondent Chrysler Group, LLC., by counsel James M. Popson, Christina J. Marshall, and John R. Conley, responds in support of the order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

The McKitricks purchased a new 2010 Chrysler Jeep Liberty on May 8, 2010. Mrs. McKitrick asserts that on February 19, 2012, she was driving on an interstate highway when the Jeep's engine began to "rev," the vehicle decelerated on its own, and she observed smoke billowing from under the hood. She pulled to the side of the road, turned the vehicle off, and got out. Mrs. McKitrick reports that she saw dripping fluid and flames underneath the center of the vehicle. She fled on foot as the vehicle became engulfed by fire. The McKitricks report that the Jeep was totally destroyed. The cause of the fire has not been determined. Prior to February 19, 2012, the McKitricks had experienced no problems with this vehicle.

The Jeep was covered by a manufacturer's bumper-to-bumper warranty for thirty-six months or 36,000 miles, and an extended power train warranty for five years or 100,000 miles. After the fire the McKitricks made a claim under the warranty, which Chrysler denied. They then filed the instant lawsuit against Chrysler asserting claims for violation of the West Virginia Consumer Protection—New Motor Vehicle Warranties Act, West Virginia Code §§ 46A-6A-1—9; the federal Magnuson-Moss Warranty Act, 15 United States Code §§ 2301—2312; and the

1

Uniform Commercial Code.[1]

Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, Chrysler filed a motion for summary judgment arguing that the McKitricks could not meet their burden of proving that a defect covered by the vehicle's warranty had caused the fire. The circuit court agreed and granted the motion by order entered on January 8, 2013, from which the McKitricks now appeal.

We consider a circuit court's order granting summary judgment under a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). With regard to the evidence needed to prove a breach of warranty case, we have held that "[a] breach of warranty may be proved by circumstantial evidence as well as direct evidence but the jury must not be left to guess the cause of the alleged breach." Syl. Pt. 2, *Payne v. Valley Motor Sales, Inc.,* 146 W.Va. 1063, 124 S.E.2d 622 (1962), *superceded by statute on other grounds as stated in Dawson v. Canteen Corp.,* 158 W.Va. 516, 517 n.2, 212 S.E.2d 82, 83 n.2 (1975); *Anderson v. Chrysler Corp.*, 184 W.Va. 641, 646, 403 S.E.2d 189, 194 (1991). Furthermore,

> "A plaintiff, who seeks to recover damages for breach of an [express or an] implied warranty for fitness of purpose, is not required to exclude every possible cause for the defective condition of the goods purchased and may establish the defective nature of the goods by circumstantial evidence." Syllabus Point 5, as modified, *Jones, Inc. v. W.A. Wiedebusch Plumbing & Heating Co.*, 157 W.Va. 257, 201 S.E.2d 248 (1973).

Syl. Pt. 4, *Anderson*.

The McKitricks argue that there is sufficient circumstantial evidence of a breach of warranty and summary judgment was granted in error. They argue that their Jeep was used and driven under normal circumstances—just the regular driving of a family car—and that its maintenance and condition were such that there were no reasonable causes for the fire other than a manufacturer's defect. Although Mr. McKitrick performed some maintenance and other work on the Jeep, they assert that he is very knowledgeable and experienced in car repairs. They argue that the fire is, in and of itself, evidence of breach of warranty.

After a careful review of the record and the parties' briefs, we must reject the McKitricks' arguments and affirm the circuit court's summary judgment order. It is undisputed that there is no direct evidence that the Jeep was not in conformance with express or implied warranties. The McKitricks do not have expert testimony or other evidence as to what caused the fire. Evidence in the record indicates that the Jeep was driven for twenty-one months and approximately 37,000 miles without any problems or repairs. Mr. McKitrick had personally performed maintenance on the vehicle including oil and oil filter changes, and he installed a

---

[1]The McKitricks' Amended Complaint does not specify which sections of the Uniform Commercial Code they are relying upon. We assume they mean the express warranties provisions of West Virginia Code § 46-2-313, and/or the implied warranties provisions of West Virginia Code §§ 46-2-314 and -315.

Bluetooth device that required connecting electrical wires inside the dashboard. Chrysler points out that several items of maintenance and routine inspections required by the vehicle's owner's manual were not performed. Accordingly, even weighing the circumstantial evidence in a light most favorable to the McKitricks, it is clear to us that the jury would be left to guess at the cause of the alleged breach of warranty. Under such circumstances, Chrysler is entitled to summary judgment.

The case sub judice is easily contrasted with our decision in *Anderson*, where we concluded that there was sufficient circumstantial evidence for a plaintiff to survive a motion for judgment as a matter of law. *Id.*, 184 W.Va. at 646-47, 403 S.E.2d at 194-95. In *Anderson*, the owners of a new vehicle experienced electrical problems while driving it home from the showroom. *Id.*, 184 W.Va. at 643, 403 S.E.2d at 191. Multiple repair attempts were made, and the day after the dealership attempted yet another repair, the vehicle caught on fire. *Id.* Although the plaintiffs in *Anderson* did not have direct evidence of the cause of the fire, the history and timing of the problems and repairs presented sufficient circumstantial evidence to go before a jury. *Id.*, 184 W.Va. at 647, 403 S.E.2d at 195. The McKitricks lack such circumstantial evidence. Moreover, they do not assert a need for additional discovery. To the contrary, the McKitricks filed a cross-motion for summary judgment on liability.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman

3